| 4 | 355 |
| --- | --- |
| 104 | 252 |

# WIDNER *v.* HUNT.

An affidavit for a continuance, on the ground of the absence of witnesses, which does not show that any effort has been made to procure their attendance, nor any excuse for the want of that diligence which the law requires, is insufficient.

In the absence of a party, there is no good reason why an affidavit for a continuance, should not be made by the attorney, if the interest of his client requires it, but the absence of the client should be shown in the affidavit.

It is not competent for an attorney to swear to facts which are solely within the knowledge of his client, unless the client is absent.

An affidavit for a continuance, on the ground of the inability of a witness to attend the court, should show that a knowledge of such inability on the part of the witness, was not known to the party asking the continuance,

before the commencement of the term, and in time to have taken the testimony by deposition.

A palpable case of injustice must be presented, before the appellate court will interfere with the discretion of an inferior court, in granting or refusing a continuance.

The practice of allowing affidavits for a continuance to be amended, or a new affidavit to be filed, when the first has not made out the case desired to be shown by the party, is one which the courts should permit with great caution, if permitted at all.

It is within the discretion of the District Court, to refuse leave to amend an affidavit for a continuance, adjudged insufficient, or to file a new one, unless for the purpose of presenting facts which have transpired, or come to the knowledge of the party, since the filing of the first.

*Appeal from the Polk District Court.*

Suit to recover the value of certain property claimed by plaintiff, and taken and sold by defendant, as constable, on an execution against one Wright. The defendant's answer was a general denial of the petition. The plaintiff applied for a continuance, and filed an affidavit for the purpose of obtaining the same. The motion was overruled. On the next day, the application was renewed, and the plaintiff was permitted to file a second affidavit, on which the motion was based. The cause for continuance set forth in both affidavits, is the absence of a witness. The second application was overruled by the court, to which plaintiff excepted; and when the cause was called, plaintiff not being ready for trial, the suit was dismissed at plaintiff's costs. From this judgment of the court, plaintiff appeals, and assigns for error, the refusal to grant a continuance, on the showing made. The contents of the affidavits for the continuance, are sufficiently stated in the opinion of the court.

*Brown & Elwood*, for the appellant.

*Finch & Crocker*, for the appellee.

Stockton, J.—We think there was no error in overruling the motion for a continuance. The first affidavit does not

Widner v. Hunt.

show that any effort had been made to procure the attendance of the witness, nor any excuse for the want of that diligence which the law requires.    The second affidavit states, that the affiant had been informed that the witness was in a delicate state of health, and unable to be in attendance at the term of the court.    The affidavit is made by the plaintiff's attorney, who states that he had once before tried the cause, and is as well acquainted with the facts as the plaintiff himself.    He deposes that he was not advised of the inability of the witness to be in attendance at that term of the court, until so informed by the sheriff, on the previous day. No reason is given why this affidavit was not made by the plaintiff himself.    In the absence of the party, there is no good reason why it may not be made by the attorney, if the interest of his client requires.    It is not shown in this case, however, that the client was not present, and able to make the necessary affidavit himself.    It is not competent for the attorney to swear to facts which are solely within the knowledge of his client.    The second affidavit does not allege that the fact of the inability of the witness to attend the court, was not known to the plaintiff before the term, and in time to have taken her testimony by deposition.    We are, for these reasons, inclined to affirm the judgment of the District Court, in overruling the motion for a continuance.    A palpable case of injustice must be presented for our consideration, before we will interfere with the discretion of the inferior court, in granting or refusing a continuance.

In this instance, there is another reason why we are disinclined to interfere with its decision.    The practice of suffering affidavits to be amended, or a new affidavit to be filed, when the first has not made out the case desired to be shown by the party, is one which may be productive of much evil, and which the courts should permit with great caution, if permitted at all.    The party making the application has the ready means of knowing what the statute requires he should show, in order to obtain a continuance ; and where the facts are, at the time, within the knowledge of the party, there is no reason why he should not be required to make out his

case at once. It is certainly within the discretion of the court, to refuse leave to amend an affidavit adjudged insufficient, or to file a new affidavit to make out his case, unless for the purpose of presenting facts which have transpired, or come to the knowledge of the party, since the filing of the first. Both the original and the amended affidavit, being insufficient to make out a good cause for continuance, for the reason above set forth, the judgment of the District Court is affirmed.

Judgment affirmed.