## DEAN *v.* WHITE & HAIGHT.

Where, after a cause has been continued one or two terms, an application is made for a change of venue, on the ground of prejudice in the inhabitants of the county, such application·should show some reason for the delay in making the same.

Where an application for a change of venue, for the reason that the inhabitants of the county are so prejudiced against the party applying, that he cannot expect a fair and impartial trial, is based upon affidavits made by an attorney in the cause, the affidavit should show the means which the attorney has of knowing the facts, and also show why the affidavit is not made by the applicant himself.

Section 1705 of the Code, which provides that when a corporation, company, or individual, has an office or agency in any county for the transaction of business, any suits growing out of, or connected with the business of that office or agency, may be brought in the county where such office or agency is located, as though the principal resided therein, is permissive, and not mandatory.

The fact that a non-resident defendant, had an agent resident in another county from that in which the suit is brought, is no reason for changing the venue to the county where such agent resides.

In an action to recover unliquidated damages, a statement of the damages claimed, annexed to the petition, is all that is required.

Where in an action for damages, the plaintiff alleged, that the defendants agreed to manufacture for the plaintiff, and set up in working order, at O., a saw-mill of a certain patent, and to sell to him the exclusive right to use the same in O. township, in M. county, which was to be done by a day certain, for the consideration of six hundred dollars, to be paid at given periods; that relying upon said contract, the plaintiff was at great expense in procuring an engine and boiler, and in having the same set up, in order to run said mill; that in consequence of the failure of the defendants to make and set up said mill, the said engine and boiler had become nearly useless and worthless to plaintiff; and that the expense thereof, and of setting them up, were nearly wholly lost to the plaintiff; *Held,* That the damages claimed, were not remote and speculative, but legitimate and ascertainable.

A general assignment of error, as follows: "That the court erred in ren-"dering judgment against the appellants," can only be made available, where the cause has been placed in a position to enable the appellate

court, to review the finding and decision of the court below, on the facts, as well as the law of the case.

*Appeal from the Mahaska District Court.*

MONDAY, DECEMBER 7.

This was an action for damages, for the nonfulfilment of a contract, by which the defendants agreed to manufacture for the plaintiff, and set up in working order, at Oskaloosa, in Iowa, a saw mill of a certain patent, and to sell to him the exclusive right to use the same in Oskaloosa township, in Mahaska county; which was to be done by a certain day. The plaintiff was to pay therefor, six hundred dollars, of which one hundred and fifty were to be, and were, paid down; one hundred and fifty to be paid when the mill should be set up, and the balance in six months thereafter. The petition alleges a neglect and refusal to perform the contract on the part of the defendants; and claims six hundred and sixty dollars damages, upon the ground that, relying upon the contract, the plaintiff was at great expense, in procuring an engine and boiler, and in having the same set up in order to run the said mill; and that, in consequence of the failure of the defendants, to make and set up the said mill, the said engine and boiler had become nearly useless, and worthless to the plaintiff, and the expense thereof, and of setting them up, were nearly wholly lost to him. There was a trial by the court, and judgment for the plaintiff, for four hundred dollars damages. The other facts necessary to be stated, appear in the opinion of the court. The defendants appeal.

*Clinton & Baldwin*, and *W. H. & J. A. Seevers*, for the appellants.

*Samuel A. Rice*, for the appellee.

STOCKTON, J.—The first error assigned, is to the overruling of defendants' motions for a change of venue.

These motions were based upon two affidavits, the one alleging prejudice, on the part of the inhabitants of the county, against the defendants; and the other, stating that the defendants, being non-residents, had an agent in the county of Keokuk, and claiming that the action should have been commenced in that county. We do not think the court erred in overruling these motions. One objection to them is, that the cause had been continued one term—and perhaps two—and no reason is given for the delay in making the application. *Wright* v. *Stevens*, 3 G. Greene, 63  Another objection is, that, whilst both the affidavits are made by one of the counsel, neither contains any showing or reason, why the party does not make it—not even stating that he is not in attendance—and neither showing the counsel's means of knowledge. Where such affidavits are made by counsel, they should at least give a reason why they were not made by the principal, and the means which the attorney has of knowing the facts. *Widener* v. *Hunt*, 4 Iowa, 355. It is suggested by counsel, that this practice is contrary to a rule of the court, but no such rule is brought to our knowledge.

Again, one of the affidavits is based upon the alleged fact, that the defendants had an agent resident in another county. From this, the party assumes that the action should have been commenced in that county, and that, therefore, the venue should be changed to the same. The existence of an agent of a non-resident individual party, forms no legal necessity, for bringing an action in the county where the agent resides. We construe section 1705 of the Code, as permissive, and not mandatory. To compel a plaintiff, at his peril, to find such an agent, and to commence his action by service on him, would be subjecting him to great doubts and difficulties. The statute was intended to alleviate the difficulty of getting service on non-residents, and not to increase them. The plaintiff is at liberty to take the usual and general course, for bringing the defendant into court.

The second error assigned is, in overruling the demur-

Dean v. White & Haight.

rer to the petition. This demurrer alleges two grounds; first, that the plaintiff had not annexed to his petition, a copy of the contract referred to ; second, that the damages stated, are consequential, remote and speculative. As to the first of these causes, the answer is, that the petition does not set up a written contract, but declares as upon a verbal one. The plaintiff has annexed an account, or statement, of the damages claimed, which is all he could be required to do. The objection made to the matter of the damages alleged, is without foundation. The damages are said to consist in the loss of money, and labor expended, and which loss was occasioned by the failure of the defendants to perform their contract. These are simply unliquidated damages, but still legitimate and ascertainable.

The third, and last assignment is, that the court erred in rendering judgment against the appellants, who were the defendants. The only case in which this, so general an assignment, could be available, would be where the cause had been placed in a position to enable this court to review the finding and decision of the court, on the facts as well as the law, which would be in a case in which the court below had rendered its decision in writing, under section 1793 of the code, stating the facts found, and the conclusions of law thereon; or in a case tried by the court, when the evidence is brought up by a bill of exceptions, assuming for the present, that this latter practice is allowable, which, however, has not been determined. But in the present case, there is no such finding of the court which tried it, nor is there any evidence reported, upon which we are requested to revise the verdict of the District Court.

Judgment affirmed.