## CHILDS v. HEATON.

1. CONTINUANCE. A continuance may be granted for any cause which satisfies the court that substantial justice will thereby be more nearly attained.
2. SAME. Application for continuances are addressed to the sound discretion of the judge, and the exercise of the discretion will be interfered with by the Supreme Court only in cases of abuse or injustice.
3. PRACTICE. A motion for a new trial on the ground that the verdict was against the law and evidence, will not be considered by the Supreme Court when the record does not disclose the view that was taken of the law, or the evidence received, by the court below.

*Appeal from Polk District Court.*

FRIDAY, DECEMBER 7.

ACTION for an amount claimed by plaintiff as a balance due him from defendant on account and on a promissory note. The defendant pleaded, in addition to a specific denial of the allegations of plaintiff's petition, an offset. When the case was called for trial, plaintiff's counsel filed a motion for a continuance to a subsequent day of the term, which motion was supported by his own affidavit, showing that said plaintiff was absent; that the time fixed by him for his return had already elapsed; "that affiant is confident that plaintiff is detained from this court by some unavoidable casualty and not by his own negligence, fault or consent," and that the cause can not be safely tried without the presence of the defendant. The motion was overruled and plaintiff excepted. Trial and judgment for defendant. Motion for a new trial overruled, and the defendant appeals.

*C. C. Cole* for the appellant.

*M. D. McHenry* and *Finch & Mitchell* for the appellee.

WRIGHT, J.—Subject to the rule that continuances shall not be granted for any cause growing out of the fault or negligence of the moving party, they may be allowed for any cause which satisfies the court that substantial justice will thereby be more nearly attained. Code, section 1765. And where an application is made for a continuance, under this section, it is addressed peculiarly to the sound legal discretion of the judge, and this court will not interfere with an order sustaining or overruling the same, unless clearly satisfied that this discretion has been abused, and injustice thereby done. *Widner* v. *Hunt*, 4 Iowa 355; *Brady* v. *Malone*, Ib. 146; *Purrington* v. *Frank*, 2 Ib. 565.

In the case before us, the affidavit was made by appellant's counsel, based upon his client's absence and the necessity of his presence at the trial of the same. This necessity

however is not made so apparent and manifest as to satisfy us that substantial justice required the postponement and continuance, asked.

Treating the motion for a new trial as a part of the record without the aid of a bill of exceptions, it cannot avail appellant in this instance for the reason that the causes therein stated are not sustained by anything certified to this court. Thus, to illustrate, it assigns for cause, that the verdict was against the evidence, and the law, and the like; and yet there is nothing before us to show, either the evidence or what view was taken of the law.

The judgment must be affirmed.