Boone v. Mitchell.

38 45
104 252

Continuance: DISCRETION. While the granting or refusing a motion for continuance, when based upon the question of diligence used in procuring the testimony of an absent witness, is, to a great extent, a legal question, yet it necessarily involves much of judicial discretion; and, where no abuse of such discretion is shown, the action of the court below will not be disturbed on appeal.

*Appeal from Floyd District Court.*

Monday, December 18.

Action upon an alleged contract for quarrying twenty cords of stone. The plaintiff avers that defendant refused to allow him to complete the contract, and claims damages in the sum of $25. The defendant denies the contract, as stated by plaintiff, and sets up a different contract, which, he claims, the plaintiff has broken, to defendant's damage in the sum of $40. The plaintiff, by reply, denies the defendant's claim. The defendant moved for a continuance, which was overruled, and on trial to the court, there was judgment for plaintiff for $23.85. Defendant appeals.

*Pratt & Root* for the appellant.

*W. H. Johnson* for the appellee.

Cole, J. — The only question in this case arises upon the defendant's motion and affidavit for continuance. The action was commenced, and issues made on the 7th day of July, 1870; the next regular term of that court was, as fixed by law, on the first Monday of September following. The abstract does not show what action, if any, was taken at that term. At the April term following (1871), the defendant moved a continuance of the cause, upon the fol-

lowing affidavit: "H. W. Mitchell, the defendant in the foregoing action, on oath, deposes and says: That Clark E. Mitchell, his son, whose residence is in Rockford, Floyd county, Iowa, is a material witness in the foregoing suit; that he left here in November, 1870, to attend school at Ripon, Wisconsin; then went to the pineries in northern Wisconsin; that at his departure he promised to return by March 1, 1871, to commence spring work. That I received a letter from him about the 1st of March, 1871, that he would be at home, in Floyd county, about April 1, 1871. That from his letters and the letters I have written him, I have no doubt he will be in attendance at the next term of this court. That on account of my expectation of his return, grounded on his letters, and from the fact that he was in the pineries, where a letter could seldom reach him, I did not sue out a commission to take his deposition in this case. That I knew of no notary or officer before whom it could be taken." The affidavit then states the facts the defendant expects to prove by said witness, which are material and competent, and that the affiant believes them true, and knows of no other witness by whom they can be fully proved.

The objections to the affidavit are, in substance, that it does not show due diligence as contemplated by Rev., §§ 3010, 3011; and the only error assigned is upon the overruling of the motion for continuance grounded upon this affidavit.

Counsel have not favored us with an argument, but have submitted the case upon the abstract alone. It appears that the cause was at issue in July, 1870; that one term of court had passed before the witness left his home or the county; that the defendant knew when he left home that he would need his testimony in the case, and deliberately took the chances of his return before the spring term of court, and made no effort to take his deposition either before or after he left. While the granting or refusing a

motion for continuance, when based on the question of
diligence is, to a great extent, a legal question, yet it neces-
sarily involves much of judicial discretion. Take this
case, for instance, where one term of court had been
passed; it may have been passed by reason of the conduct
of the defendant, who may have manifested a purpose to
prolong the litigation and postpone the trial; the amount
in controversy is small, and a continuance would or might
involve more costs and expense than the sum claimed by
either party; these matters, and many others, are before
the court, and where the question is a close one, they may
well determine the decision either way. And while we
would not have reversed a decision granting a continuance,
neither do we feel justified in reversing the decision refus-
ing it; and this on the ground that there is at least such
a measure of judicial discretion involved as will render it
improper to reverse a judgment where such discretion has
not been abused.

