MARSCHUETZ and others vs. WRIGHT.

*September 2 — September 21, 1880.*

*(1) Payment by note of third person.   (2) Variance: amendment.*

1.  A creditor who receives from his debtor the note of a third party as collateral security, and, without negligence on his part, fails to collect such note when due, and afterwards, in the absence of any demand by the debtor, retains possession of the note, will not be prevented by those facts from recovering the full amount of his demand against such debtor.

2.  In an action on contract, where the facts proven by evidence received without objection show that plaintiff has a good cause of action against defendant on a contract different from that set out in the complaint, *it seems* that the complaint may be amended in accordance with those

facts, or the variance may be disregarded. So intimated where the suit was upon an account, and the other cause of action proven (if any) was upon defendant's indorsement of a promissory note transferred by him, before due, to the plaintiff, and which he alleges that plaintiff, by his default in respect to collecting or returning the same, had made his own.

APPEAL from the Circuit Court for *Door* County.

The action is on an account for goods sold and delivered by the assignors of the plaintiffs to the defendant. The answer admits the purchase of the goods at the prices charged, but avers payment therefor. It appears by the evidence that in June, 1875, the plaintiffs demanded payment of the account from the defendant, who, being then unable to pay it, turned out to the plaintiffs a promissory note for $150, given to him by one Hunt. The defendant indorsed the note, and waived protest and notice. One of the plaintiffs testified that they received the note as security under an agreement that when paid the amount should be indorsed on the account against defendant. The defendant testified that the agreement was that if the note was not paid at maturity it should be returned to him as soon as practicable. The note became due October 1, 1875, and has not been paid. The defendant never demanded a return of it, and plaintiffs did not offer to return it until the trial. The only litigated question in the case is, whether the defendant should be allowed the amount of the Hunt note on the account in suit. The circuit judge found that the plaintiffs received the note as collateral security, and that when it became due "said note could not have been collected of said Hunt without the most extraordinary diligence, and it is quite doubtful that, by any possible diligence, said note could have been collected by legal process on or after the first day of October, 1875." The plaintiffs recovered, and the defendant appealed from the judgment.

The cause was submitted on the brief of *Tracy & Bailey* for the appellant, and that of *J. C. & A. C. Neville* for the respondents.

LYON, J.  1. The testimony on behalf of the plaintiffs is that the Hunt note was transferred to them as collateral security.   There is no such satisfactory preponderance of testimony to the contrary as will authorize us to reverse the finding of the circuit judge that it was so transferred.

2. We are satisfied with the finding that, after the note became due, it probably could not have been collected by legal process; certainly not without extraordinary diligence.   True, when the note matured, Hunt had some property in his hands liable to seizure on execution; but some of it was under mortgage (what portion does not clearly appear), and he disposed of a considerable part of it during the same year.   He was insolvent in the spring of 1876, and the evidence furnishes good reason to believe that he owed more than the estimated value of his non-exempt property in October preceding, when the note matured.   He owed the defendant about $1,000, probably more, for the price of property sold by him to Hunt; and the property for which the note in controversy was given went back into the hands of the defendant in the spring of 1876, because Hunt was unable to pay for it.

The evidence so impresses us that a suit on the note brought against Hunt as soon as the note matured, and prosecuted with reasonable diligence to judgment and execution, would not have resulted in the collection of the note, that we cannot disturb the finding of the court in that behalf, or say that the plaintiffs were guilty of negligence in failing to collect it. Holding the note as collateral security, and not being chargeable with negligence for failing to collect it, the plaintiffs were entitled to judgment for the admitted sum due on the account, without deduction.

3. There is another view of the case, founded upon the defendant's theory of it, which leads to the same result.   If, as the defendant claims, the plaintiffs made the note their own by failing to return it to the defendant immediately after maturity, it follows that the defendant is liable on the note as

indorser. Although there is no count in the complaint on the indorsement, proof of it was received without objection. Under the rule of *Flanders v. Cottrell*, 36 Wis., 564, and other cases in this court, no good reason is perceived why the complaint may not be amended to conform it to the facts proved, or the variance be disregarded, and why judgment may not be rendered in this action against the defendant on his indorsement. In such case the judgment would be for the amount already recovered by the plaintiffs. The defendant is compelled to invoke the rule just mentioned to make the defense of negligence, because of the plaintiffs' failure to collect the note, available in this action; for he did not set up such negligence in his answer as a defense. Had the evidence to prove such alleged negligence been objected to, the objection should have been sustained. It was so held in *Plant's Manuf'g Co. v. Falvey*, 20 Wis., 200.

*By the Court.* — The judgment of the circuit court is affirmed.