# First National Bank of Fort Dodge, Appellant, v. M. D. O'Connell et al., Appellees.

1. **Collateral Securities: NEGLIGENCE OF PLEDGEE: COUNTERCLAIM.** In an action upon a promissory note, brought by the payee, the defendant may, without previous payment or tender of the amount due thereon, set up a counterclaim against the plaintiff for losses sustained by the defendant, through the negligence of the payee, upon collateral securities pledged for the payment of said note.

2. ——: ——: ——. Where collateral securities pledged for the payment of a promissory note consisted of tax sale certificates and promissory notes, *held*, that the neglect of the pledgee to collect money paid to the county auditor in redemption from the tax sales represented by said certificates, or to commence action upon the notes until the same had become barred by the statute of limitations, was such negligence as to render the pledgee liable to the pledgor for the value of the securities pledged.

3. ———: ———: ———. Such liability is not affected by the fact that the maker of the notes pledged as collateral may, when sued. thereon, waive the bar of the statute.

*Appeal from Webster District Court.*—Hon. S. M. Weaver, Judge.

Thursday, January 28, 1892.

Action on a promissory note. From a judgment. for the defendants, the plaintiff appeals.—*Affirmed.*

*Healy & Healy* and *Martin & Wambach*, for appellant.

*D. D. Chase, J. F. Duncombe* and *A. N. Botsford*, for appellees.

Granger, J.—On the twenty-fourth of July, 1880, the firm of O'Connell & Springer made to the plaintiff bank its note for eight hundred seventy-five dollars, due thirty days after date, and the action is to recover thereon. As a defense to the action it is averred in the answer that the defendant Springer delivered to the plaintiff, as collateral to the note in suit, certain tax-sale certificates of the value of three hundred dollars, and that some two hundred and fifty dollars was paid to the county auditor in redemption, which the plaintiff neglected to take and apply on the note. Also that certain promissory notes were delivered to the plaintiff, as collateral security, against one Norton, of the aggregate value of three hundred dollars; that the notes have become barred by the statute of limitations; and the defendants say that the proceeds of the certificates and notes were lost to them because of the negligence of the plaintiff in caring for and applying the proceeds thereof. A reply puts in issue the defensive averments of the answer.

I. This is a law action, and the evidence is such that the district court have found that the certificates.

1. Collateral securities: negligence of pledgee: counterclaim. and notes were left as collateral to the note in suit, and that the plaintiff bank was negligent in failing to obtain the redemption money from the auditor, and in not taking steps for the collection of the Norton notes before action thereon was barred by the statute of limitation. It remains for us to determine the law as applicable to such facts.

It is urged by the appellant that the facts as stated are not available as a defense before the defendants have paid the note in suit, or made a tender of payment; and some authorities are cited in support of such a rule. The authorities cited go to the support of the following and quite similar propositions: "The return of a pledge is not a condition to be performed before or concurrently with the payment of the debt secured." Jones on Pledges, sec. 593. A tender is necessary to enable the pledgor to maintain trover against the pledgee for a conversion of securities when the lien created by the pledge has not been otherwise discharged. *Jarvis v. Rogers*, 15 Mass. 389. From the foregoing and other kindred propositions, the appellant deduces a rule for this case as follows: "We contend that in a law action the pledgor, where sued upon the note, can make no question as to the conduct of the pledgee with reference to the pledge, unless prior to. the commencement of the action he has paid or tendered the pledgee's debt." In connection with this language we are cited to *Courtright v. Deeds*, 37 Iowa, 507, and *Nelson v. Wilson*, 75 Iowa, 710. Neither case supports such a rule. In the first it is held that, "No action at law can be maintained for money to be paid upon the delivery of a release unless there has first been a delivery or a tender of the release," and in the second that there can be no recovery upon a subscription to pay a railway company a certain amount when the road was completed to a certain point, on the condition that upon the payment there shall be delivered to the

subscriber a certificate of stock, etc., unless a tender of the stock was first made. The case of *Fletcher v. Harmon*, 7 Atl. Rep. (Me.) 271, seems at first view to give the rule, as claimed, some support, but it will be observed on a careful reading that the defendants pleaded that the plaintiff had sold the collateral notes, "and had received the full face value thereof, exceeding the amount sued for;" while the proofs showed that the plaintiff "surrendered the securities pledged to a stranger, who claimed to own the same;" the court remarking that "the evidence adduced does not tend to support the defendants' plea;" the thought of the case being that, under the allegations of the answer, the plaintiff had, by a sale of the notes, received money for the payment of his note, for which he must account under the collateral contract, while the proof showed that he had wrongfully disposed of the notes without any avails applied in payment. The case is really one of a fatal variance between the allegations and proofs. In this case the wrongful act is pleaded, and, in effect, damages asked equal to the claim sued upon. This must be permissible, under the liberal provisions of Code, sec. 2659. The wrongful acts of the plaintiff as to the notes and certificates would certainly be a "cause of action in favor of the defendants * * * against the plaintiff, * * * arising out of the * * * transactions * * * connected with the subject of the action." Subdivision 2. If so, it may be presented as a counterclaim. We have carefully examined the authorities cited by the appellant, and have found no case supporting the rule as claimed, when considered with reference to the issues involved.

II. It is also urged that it was not the duty of the plaintiff to sue on the notes, nor to collect the money from the auditor and apply the same. This involves the question of the diligence required of a pledgee to preserve the property held by

him as security. Mr Tiedeman, in his work on Commercial Paper (section 304), says: "In the collection and maintenance of actions on the pledge, the pledgee is charged with the exercise of ordinary diligence in saving and protecting the rights of the pledgor." This seems to recognize the rule that there must be due diligence in maintaining actions. The appellant, however, cites this section, and we infer that reference is made to the following: "But mere delay in bringing suit on the collateral security is no negligence. On the contrary, the pledgee is not obliged to sue at all on the collateral security." We are satisfied that the learned author in this latter connection has no reference to negligence or diligence in the preservation of the security, but has reference to negligence in failing to realize on the collaterals instead of directly from the pledgor, for in the same connection he uses these words: "He may, instead, bring his action against his own debtor, without first proceeding against the parties to the collaterals." The only authorities cited in the text quoted as supporting appellant's view are *Marschuetz v. Wright*, 50 Wis. 175, 6 N. W. Rep. 511, and *Cherry v. Miller*, 7 Lea, 305, neither of which in any degree supports such a rule. Many of the cases on this point present the question of negligence in preserving collateral paper from loss because of the insolvency of the makers, but the same rule must be applicable to the loss of such paper because of the operation of the statute of limitation. In the case of *Wheeler v. Newbould*, 16 N. Y. 399, in speaking of the diligence required as to such papers, it is said: "The primary and, indeed, the only purpose of the pledge is to put it in the power of the pledgee to reimburse himself for the money advanced when it becomes due and remains unpaid. The contract carries with it an implication that the security shall be made effectual to discharge the obligation." The language is quoted and the last

sentence italicized in *Lamberton v. Windom*, 12 Minn. 232 (Gil. 151). This latter case quotes from 3 White & T. Leading Cases in Equity, 556, 557, where the author, speaking of the diligence required of a creditor with collaterals, says: "He must use due diligence in the management and collection of securities binding the persons or estates of third persons at the risk of discharging the debt itself if guilty of negligence, and with it, of course, all liability on the part of principal or surety." See *Lawrence v. McCalmont*, 2 How. 454, and *Goodloe v. Clay*, 6 B. Mon. 236. The case of *Lamberton v. Windom*, *supra*, is a very conclusive authority on this question, as well as the one considered in the former division of the opinion. See, also, *Semple & Birge Mfg. Co. v. Detwiler*, 30 Kan. 386, 2 Pac. Rep. 511.

III. The note in suit became due August 23, 1880, and the collateral notes were not barred by the statute until 1888 and 1889; and it is urged that the failure of the defendants to pay their note for that length of time was negligence in regard to the collateral notes, and defeats their purpose in this suit, and it is said: "The rule is that where a party is entitled to the benefit of a contract, and can save himself from loss arising from a breach of it at a trifling expense or with reasonable exertions, it is his duty to do so, and he can charge the delinquent with such damages only as, with reasonable endeavors and expense, he could prevent." The rule is without application to the facts of this case, but we need not discuss the point, for no issue of that kind appears in the record. If the appellant seeks to avoid its negligence because of that of the defendant, it should be placed under Code, sec. 2665.

IV. A point is made that the maker of the collateral notes might not have availed himself of the bar of the statute,—that he might have waived it; and this is urged against the plaintiff's liability for such notes.

The defendants in this suit have the right to an adjudication upon the facts establishing their legal rights, and are not required to pass them by, trusting only to the favor of those released from legal obligation. The judgment should be AFFIRMED.