W. W. LOOMIS, Receiver, v. JOHN REIMERS *et al*, Appellants.

**Bailment:** DUTY OF BAILEE: ORDINARY CARE: A pledgee of property is bound to use ordinary care and diligence to preserve the thing pledged, and in the exercise of ordinary care is governed by the character of the property pledged and his means for preserving the same.

**Same:** REPLEVIN: FAILURE OF BAILEE TO DEFEND: LIABILITY OF. Where the subject of a bailment is replevied and the bailee fails to defend after consulting an attorney and being advised that he had no defense, he has exercised the care of an ordinarily prudent man and is not liable for the loss of the property, though the replevin action may have been barred.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

MONDAY, JANUARY 26, 1903.

THE plaintiff is the receiver of the Council Bluffs Insurance Company. The defendant John Reimers was one of the stockholders in the company, having subscribed for $25,000 of its stock, twenty-five per cent.' of which was payable in cash, and the remainder as assessments were made. Of this twenty-five per cent. payment he paid a part in cash and gave the company a note, signed by himself and wife, for the balance, $4,750. To secure the payment of this note, he turned over to the company twenty shares of stock issued by the First National Bank of Shenandoah, Iowa, to himself, of the face value of $2,000, and thirty shares of stock issued by the First National Bank of Grand Island, Neb., to his wife, of the face value of $3,000. Reimers and his wife were then, and ever since have been, residents of Grand Island Neb. The Reimers note and the bank stock securing the same were afterwards delivered by the insurance company to the Citizen's State Bank of Council Bluffs to secure a note of $5,500 given by the company to the bank, and due April 5, 1897. On the 30th of March, 1897, this note was sold by the bank to the defendant Charles Woelz, of Grand Island, and the note and the collaterals were delivered to him and taken to Grand Island. Soon thereafter Mrs. Reimers replevied the bank stock issued to her by the Grand Island bank, Woelz making no defense to said action. The plaintiff brought this action to recover the balance of the Reimers note over and above the amount paid the Citizens' State Bank on the insurance company note, asking that the purchase of that note by Woelz be decreed to have been on behalf of the Reimers, and that the Shenandoah bank stock be sold, and the. proceeds applied in payment of such balance; or, as alternative relief, that Woelz be required to surrender all collateral received with the insurance company note upon payment to him of the amount ·due thereon. The court found that Woelz was not the owner of the

insurance company note, that the purchase thereof from the bank was for the benefit of the Reimers, and gave the plaintiff a decree for the balance due on the Reimers note, and ordered a sale of the Shenandoah bank stock to satisfy the same. The defendant Woelz appeals.—*Reversed.*

*Harl & McCabe* for appellant.

*Jacob Sims* for appellee.

SHERWIN, J.—There are some suspicious circumstances connected with the purchase of the $5,500 insurance company note by Woelz, but they are not of sufficient weight to overthrow the positive testimony of the witnesses as to the *bona fides* of that transaction; and we find that Woelz became the owner of the note by said purchase and assignment, and that he is entitled to hold the Reimers note, the Shenandoah bank stock, and the other collaterals pledged for the payment thereof. To meet a possible holding of this kind, the plaintiff in his petition offered to pay to Woelz the amount due on this note upon a surrender of the same, together with all collaterals belonging thereto, including the Grand Island bank stock belonging to Mrs. Reimers. As we have already said, this stock was replevied by Mrs. Reimers soon after Woelz took it to Grand Island, and the title and right to possession thereof was afterwards found to be in her. Woelz made no defense to that action, alleging as a reason for not doing so that he consulted an attorney, and was by him advised that no valid defense could be interposed to the claim of Mrs. Reimers. This testimony is uncontradicted, save by the circumstances connected with the purchase of the note to which we have heretofore referred. It is the general rule that a pledgee "is bound to use ordinary care and diligence in the care and custody of the thing pledged. The diligence required in any particular case must necessarily depend upon the character of the

1. DUTY of bailee: ordinary care.

thing pledged   *   *   *   as well as the means of protec-
tion possessed by the pledgee."   *Willits v. Hatch*, 132 N.
Y. 41 (30 N. E. Rep. 251, 17 L. R. A. 193); *Cooper v.
Simpson*, 41 Minn. 46 (42 N. W. Rep. 601, 4 L. R. A. 194,
16 Am. St. Rep. 667); *Bank v. O'Connell*, 84 Iowa, 377.

If, as claimed, Woelz acted in perfect good faith in
the purchase of the note in question, and without any pur-
pose of assisting the Reimers in securing this bank stock,
2. SAME: re-
plevin; fail-
ure of bailee
to defend;
liabilty of.
and did in fact honestly and in good faith
consult an attorney with reference to a de-
fense to the replevin action, and did not de-
fend for the sole reason that he was advised that he could
not do so successfully, he, in our judgment, did all that
an ordinarily prudent man would do under the circum-
stances, and should not be held liable for the loss of the
stock.   And we think the record shows that he did act in
good faith in not defending.   From the showing before us
we believe that Mrs. Reimers' bank stock was pledged' by
her husband without her knowledge or consent, and that
she was entitled thereto free from the claim of the pledgee.
It is possible that her action of replevin was barred by the
statute of limitation, but a court of equity would not, for
that reason, establish a lien thereon in favor of the plain-
tiff, and we are not disposed to here deduct the value of
such stock from the amount due on the $5,500 note held
by Woelz.   *Roberts v. Deposit Co.*, 123 N. Y. 57 (25 N. E.
Rep. 294, 9 L. R. A. 438, 20 Am. St. Rep. 718); *Pingree
v. Railroad Co.*, 66 Mich 143 (33 N. W. Rep. 298, 11 Am.
St. Rep. 479).   Whether Reimers should, under the cir-
cumstances, be compelled to pay any part of the balance
due on his note, we do not determine.   He has not ap-
pealed from the judgment below, and the question is not
properly before us, as we view the case.

The judgment is REVERSED.