FRANKLIN BENJAMIN, Appellee, v. PETERSEN HEAT, LIGHT & POWER COMPANY et al., Appellants.

**ACTION:** Improper Joinder—Waiver. The improper joinder of actions furnishes no ground for complaint when no objections are made thereto in the lower court. (Sec. 3548, Code, 1897.)

**MORTGAGES:** Foreclosure—Real Party in Interest—Pledgor. The pledgor of a promissory note secured by mortgage may maintain foreclosure proceeding.

**EVIDENCE:** Exclusion—Immaterial Issue. The exclusion of evidence as to who employed the attorney of record for plaintiff was not error, when the object sought was to show that plaintiff had pledged the note sued upon, such act of pledging being no defense to the action.

**CONTINUANCE:** Discretion of Court—Opportunity to Prove Imma-
terial Issue. It is not error to deny a motion for a continuance
in order to prove an immaterial matter; for instance, to en-
able defendant, in a mortgage foreclosure, to prove that the
plaintiff was only the equitable owner of the note.

*Appeal from Hardin District Court.*—HON. R. M. WRIGHT,
Judge.

FRIDAY, JUNE 18, 1915.

ACTION in equity to foreclose a mortgage. Decree for
plaintiff. Defendants appeal.—*Affirmed.*

*E. H. Lundy* and *Dean W. Peisen,* for appellants.

*Williams & Huff* and *W. B. Wilson,* for appellee.

*Per Curiam.*—We cull from the record the following
statement which we think fairly states the case. The Iowa
Falls Electric Light & Power Company, while the owners
of an electric light plant at Iowa Falls, executed three mort-
gages. The second, securing notes aggregating some $14,-
000.00, was owned by the plaintiff. Default was made and
this action commenced to foreclose.

The contentions of the defendant are, substantially, that
in 1910, a former bill was filed to foreclose the same mort-
gages, which proceeded until April 7, 1910, when formal
decree of foreclosure was rendered; that is, a draft of a
decree was signed by the judge. At the same date, a contract
was made between plaintiff and O. F. Petersen, providing,
among other things, that the decree signed by the judge
should be deposited with one Harris in escrow pending the
carrying out of the other provisions of the contract. That
contract was, in substance, an effort on the part of plaintiff
and the defendant, Petersen, to fund all the indebtedness of
the defendant company by issuing bonds secured by a mort-
gage for $50,000.00 on the company's plant; that Petersen
should deliver these bonds to plaintiff; that the bonds were

to be issued to pay off the three mortgages on the plant, and Petersen was to retain $7,000.00 of them for himself; that Petersen should forward to plaintiff a complete statement of the condition of the plant, and an abstract, and pay Benjamin $250.00. Plaintiff was then to look after lithographing the bonds and send them to Petersen, who was to execute them and file with Harris in escrow. When Benjamin delivered up the notes in satisfaction of the two mortgages, the bonds were to be turned over to him. There is no undertaking by Benjamin that he will do these things, but merely a provision that if he does secure the releases of the three mortgages he is to be given the $50,000.00 of bonds, less $7,000.00 retained by Petersen. The bonds were never issued and nothing was done under the contract. It is conceded by appellee that if the bonds had been issued and plaintiff had received them in satisfaction, that would have been a defense. The effort to clean up the whole debt by issuing the bonds failed, as plaintiff claims, and the court found, because the franchises for the use of the streets expired in about two years, whereas Petersen represented to plaintiff that they ran for twenty years; and no bonds maturing in twenty years could be placed on a franchise expiring in two years. At any rate, as stated, the bonds that were to be issued to pay the notes secured by this mortgage were not issued.

In a further effort to adjust these matters, an arrangement was made between Benjamin and Petersen looking toward a trade for some Oregon land. The third mortgage on the light plant was owned or represented by one Hill. It was also additionally secured by a lien of some character on some kind of plant at Marshalltown. As before indicated, the contemplated settlement between Benjamin and Petersen, which was not consummated, provided for some bonds to be retained by Petersen. The third mortgage was of small value, and it was doubtless hoped that it could be provided for for a nominal consideration. Petersen had already

claimed the title to some land in Oregon.  It seems the Oregon land was subject to a mortgage which had been foreclosed, a sale had been had under the decree and all but four days of the time for redemption had expired.  While matters were in this condition, with negotiations pending for an exchange to Petersen of the indebtedness secured by the third mortgage, before referred to, and also by the Marshalltown property for the Oregon equity, Petersen gave Benjamin what purported to be an abstract of title and a lease of the Oregon land, together with a deed, in which no grantee was named.  The answer alleges that said deed and abstract were accepted as a settlement in full of all the claims of the plaintiff against each and all of the defendants.  We think the evidence does not show any such agreement, and the paper executed between the two does not show this.  The whole matter was not completed.  The memorandum or receipt just referred to provides that:

"If I can get a satisfactory settlement, satisfactory to me of the encumbrances on said farm, that the deal on the Iowa Falls plant goes through, as per our previous arrangement; if not the papers should be returned."

It is conceded by appellee that the papers should probably have been returned, as the deal was not completed, but is contended that the fact that an abstract of title of the Oregon land, with the blank deed, had been left with plaintiff, does not pay the mortgage.

These are the only defenses set up in the pleadings.  They are not now seriously relied upon by appellant.  We say this because these matters are not covered by the assignments of error which have been made.  Upon the trial, the facts were found against appellants, and reliance is now placed by appellants upon matters more or less technical.

It should have been stated that, in addition to the foreclosure of the mortgage, a judgment was rendered against

O. F. Petersen on the note for $1,000.00, and of this, com-

**1. ACTION:** improper joinder: waiver.

plaint is made on the ground that the author-
ity of a managing agent to sign negotiable
paper must be shown. But it appears that
the note was made by the manager of the business, and the
testimony of the manager is that he reported the exe-
cution of this note to Petersen, and it was contended for
appellee that if there was any question of the authority
of the agent to make the note it must have been raised
promptly, and the failure to make any objection is a ratifica-
tion, and, further, that the authority of a general manager
of a commercial business does, *prima facie,* extend to the
making of a promissory note for his principal. We think the
only question there could be as to the propriety of the judg-
ment against Petersen on this note is whether the one suit
to foreclose the mortgage, and in the same action to recover
judgment on the note, might not be regarded as multifarious.
But no objection was made thereto, and it is waived. Code,
Secs. 3547, 3548. The objection is first made on appeal.

2. It is objected that the suit cannot be maintained in
the name of the plaintiff because, at the time the bill was
filed, the plaintiff had pledged the notes and mortgages in

**2. MORTGAGES:** foreclosure: real party in interest: pledgor.

suit to one Lamb. But it has been held that
while, upon a pledge of negotiable or other
securities, the technical legal title may pass
so as to enable the pledgee to maintain a suit

at law in his own name, the assignor or pledgor, the original
owner, remains the owner in equity, subject to a lien in favor
of the pledgee, and may maintain a suit in equity as such
owner. *Gilman v. Heitman,* 137 Iowa 336.

3. It is contended by appellants that the witness Wilson
should have been required to testify as to his appearance and
employment in the case. Witness was also an attorney of

**3. EVIDENCE:** exclusion: im- material issue.

record for plaintiff and declined to answer
some of the questions propounded to him be-
cause they were privileged as between himself
and his client. We think he did answer as to his appearance

and employment. The record shows, among other questions asked:

Q. "Did Mr. Benjamin employ you, I will put it that way, to appear here in this case?"

Court: "You may answer that question."

A. "Mr. Benjamin requested me and authorized me to appear for him." Q. "Did he employ you to do so?" A. "That is a legal conclusion I should say; Mr. Benjamin has not paid and I think I can properly say he has not promised in word to pay me any money for my services." Q. "So you have neither an oral promise nor a written promise from Mr. Benjamin to pay you for your services in this case?" A. "Unless it may be implied from the fact that I am rendering services with Mr. Benjamin's knowledge and approval."

A number of questions were asked along this line. As to those questions wherein the witness was excused from answering, we think they related to confidential and privileged communications. Furthermore, the question as to who, if anyone, employed Mr. Wilson, was not a fact that tended to sustain any issue tendered by the defendant. The only bearing this could have would be upon the claim of appellants that at the time of the trial another person had become the legal owner of the notes and mortgages in suit. The only matter of importance from appellants' standpoint would be to show that Mr. Wilson was not employed by plaintiff. There was other evidence in the case to the effect that plaintiff was not employing Wilson. But, for the reasons given in the prior division of the opinion, we think this is immaterial.

4. CONTINUANCE: discretion of court: opportunity to prove immaterial issue.

For the same reason, there was no abuse of discretion of the trial court in overruling defendants' motion for a continuance. The continuance was asked in order that defendants might show that the notes and mortgage had been pledged and that the legal title was in another.

Our conclusion is that the appeal is without merit, and the judgment and decree of the district court is—*Affirmed.*

DEEMER, C. J., EVANS, WEAVER and PRESTON, JJ., concur.