STATE OF IOWA, Appellee, v. SAM LEFTWICH, Appellant.

No. 41621.

October 17, 1933.

Henry I. Brouillette, for appellant.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, Max E. Duckworth, County Attorney, and R. C. Prichard, for appellee.

Stevens, J.—About 1:40 p. m. on April 23, 1932, three men, of whom the defendant was identified as one, entered a grocery store and meat market in Sioux City for the purpose of robbery. The contents of the cash register were taken. At the time of the robbery, a customer and two employees of the place were present. Three men identified as the robbers were soon apprehended and later jointly indicted. The defendant, appellant herein, was tried separately and convicted. Judgment was entered sentencing him to the penitentiary for an indeterminate period not to exceed twenty-five years.

Many adverse rulings of the court on objections to the testimony of the state are complained of. We have carefully scrutinized the record as to each and every assignment made. Those not discussed in this opinion have been found to be without any substantial merit. No record of a long trial is probably perfect. Slight immaterial and unprejudicial errors frequently occur. It is true that confusion and more or less inconsistency appear in the testimony. Although the contrary is urged, we are satisfied that the testimony of the witnesses who were present at the time of the robbery quite convincingly identified the defendant as one of them. The question was for the jury, whose verdict is well sustained by the evidence.

Minnie McCabe was called as a witness for the state on rebuttal. Objection was made thereto upon the ground that the name of the witness did not appear on the indictment and that her testimony was not rebuttal in character. The examination of this witness was generally strictly confined to matters in rebuttal. If departure is shown, it could not have been prejudicial to the defendant. This is true, for the reason that it related to matters of

1228

small moment and which were fully covered by the competent testimony of other witnesses.

■ II. The court upon a few occasions interposed to interrogate witnesses. The questions propounded by the court were few in each instance, and largely involved only formal matters. The course pursued was not improper or erroneous. State v. Eggleston, 201 Iowa 1, 206 N. W. 281; State v. Bourgeois, 210 Iowa 1129, 229 N. W. 231.

■ A cap identified as one worn by one of the robbers was introduced in evidence. It is urged by appellant that it was not sufficiently identified, and that it is not claimed to have been worn by him. All of the facts and circumstances connected with the actual perpetration of the crime were admissible in evidence. It was the claim of the state that the cap was worn by one of the robbers. It may have had bearing upon the question of identification. Other exhibits consisting of a gun and a flash-light were also offered in evidence by the state. The witnesses present at the time of the robbery testified that the defendant and his companions were armed. The witnesses were not able to definitely identify the gun offered in evidence, but it was subsequently shown to have been taken from the defendant at the time of his arrest, at which time the defendant had, in addition to the articles referred to, a bottle of liquor on his person. These were all properly identified and received in evidence.

■ III. A witness by the name of Eileen Hicks was called by the defense. Upon cross-examination, she was asked in substance if her husband was not confined in the jail during the period between the arrest of the defendant and the trial. She answered that he was. The question was preliminary only to what followed. She was then interrogated as to her mental attitude toward the defendant. The purpose of this testimony was to disclose her personal interest in him and also as affecting her credibility. The redirect examination which followed was fully as prejudicial as the testimony elicited on cross-examination. It was proper for the state, on cross-examination, to show, if it could, a friendly relationship between the witness and the defendant.

■ IV. It is urged that, as neither the flash-light nor the bottle of whisky bore any relation to the robbery, they should have been excluded by the court. Whether either was on the person of the defendant at the time he entered the grocery store, the defendant

perhaps alone knows. They were a part of the articles taken from him at the time of his arrest. The flash-light might be used for a great variety of purposes. The testimony introduced by the defendant tended to show that he was not present and took no part in the robbery and that he was intoxicated. The articles referred to could have been given little weight by the jury. In any event, they were properly admitted in evidence.

██ V. The only proposition relied upon by appellant for reversal is based upon the action of the court in overruling a motion for a continuance. Bud Lukehart was duly subpoenaed as a witness for the defendant. Upon one of the days of the trial, he appeared and was present in the court room. When called to take the stand, he did not respond. Counsel for the defendant then called the court's attention to his absence, and informed the court that he did not know where he was, that the testimony he would give was material, and that he knew of no other disinterested witness by whom the same could be proven. At the suggestion of the court, an adjournment was taken until 9 o'clock the following morning. Although careful search had been made, the witness had not then been located. Counsel stated that the information he had tended to show that he had gone to Nebraska, of which state he was a resident. The court replied to counsel that he would make any order desired that would aid defendant to locate and produce the witness. A bench warrant was issued and turned over to the sheriff. A search made both by counsel for the defendant and the sheriff appears to have been thorough but ineffectual. Thereafter a postponement of the trial was asked and a motion for continuance based upon the absence of the witness dictated by counsel into the record. The request for a few days' recess was denied and the motion for a continuance overruled. The defense interposed was an alibi. Several witnesses were called and testified to facts which, if true, excluded all possibility of defendant's participation in the crime. No formal motion for a continuance was filed, but counsel, as stated, dictated the same to the reporter. The statement of what the absent witness, if present, would testify, in substance, was as follows: That he met the defendant on Fourth street in Sioux City about 4:30 p. m., on the 23d day of April, and that he then traded him a gun for a pint of whisky, that the weapon in evidence was similar to the one traded to him by the witness, and that counsel believed it to be the identical gun. It was further stated that the witness would

testify to the clothing worn by the defendant at the time referred to, and that his description thereof would be wholly inconsistent with the description given by the witnesses for the state.

It is clear from the foregoing statement that ample diligence on the part of the defendant to procure the testimony of the absent witness is shown. The motion was informal, and did not comply with the requirements of section 11444 of the Code. No affidavit was attached thereto. The court, however, apparently disregarded the informality of the application, and no objection was interposed thereto on the ground that the statute was not complied with. As stated, the witness is a nonresident of this state. No showing was made that the witness could be later located and produced upon the trial if a continuance had been granted. The proposed testimony, as already appears, related largely to collateral matters. It is not shown that the witness would testify that the weapon introduced in evidence was the one claimed to have been traded to the defendant after the robbery was committed. If true, it would have tended slightly, if at all, to prove that the defendant was not present and did not participate in the robbery. The evidence introduced to establish an alibi, if true, conclusively negatived the guilt of the defendant. The jury obviously did not credit the testimony of the defendant's witnesses at this point. Every assistance authorized by law was invoked by the court in aid of the defendant, and its officers did everything within their power to locate and produce the witness. The right to a continuance based upon the absence of a witness is granted to a litigant by the statute, and, upon proper showing, should be granted. Although due diligence was shown, the court, in passing upon the merits of the application, exercised a large discretion. Its ruling will not be disturbed on appeal, in the absence of a showing of prejudice. Boone v. Mitchell, 33 Iowa 45; Childs v. Heaton, 11 Iowa 271; Winklemans v. Des Moines N. W. Ry. Co., 62 Iowa 11, 17 N. W. 82; Baker v. Langan, 165 Iowa 346, 145 N. W. 513; Benjamin v. Petersen Co., 170 Iowa 461, 153 N. W. 71; Twaites v. Bailly, 210 Iowa 783, 231 N. W. 332; Temple Lbr. Co. v. Lattner, 211 Iowa 465, 233 N. W. 522. No reason could be assigned by counsel for the disappearance of the witness, and the showing made affords little assurance that, if a continuance had been granted, the witness could be produced at a subsequent term of court. The motive of the witness in absenting himself from the trial and in concealing his whereabouts creates some doubt as to

the credibility of his proposed testimony. There was, under the facts, no abuse of judicial discretion.

██ VI. One of the grounds of the motion for a new trial was newly discovered evidence. During the robbery, the defendant stood near the front door of the building, guarding one of the witnesses present in the store while an accomplice claimed to have been Clark compelled the witness Della Volga, a young girl, to open the cash register. According to the testimony, Clark wore a gray cap which he pulled down over his face so as to leave an opening through which to observe what was transpiring. Clark was subsequently placed on trial and acquitted. It is alleged in the motion for a new trial, which is sworn to by defendant's counsel, that a demonstration made in open court upon the trial of Clark conclusively showed that the cap was so small that it could not possibly have been so adjusted as to have covered his face. The witnesses for the state, it is alleged, were so uncertain in their identification that a verdict of acquittal was on motion directed by the court. It is further made to appear by the affidavit filed as a part of the motion for a new trial that the testimony of Clark was not available to the defendant, not only because it was unknown to him, but also for the reason that Clark could not then be used as a witness. The defendant herein wore a hat at the time of the robbery. The identification of him was quite positive. The three defendants were later identified by the witnesses for the state while they were confined in the county jail. The circumstances of the later identification are persuasive in support of the accuracy of their testimony. The cap in question was not in the possession of any one of the alleged robbers when it was recovered by one of the officers. The witnesses believed the cap produced in evidence was the one worn by Clark. A mistake in the identification of the cap might be a circumstance of some value to the defendant, but, when considered in the light of all of the testimony, it could have been given little weight by the jury.

As stated, we have carefully scrutinized the record which is typewritten and difficult to analyze, and we deem discussion of the other propositions relied upon as unnecessary. The defendant apparently had a fair trial, and the verdict cannot, upon any of the grounds urged, be interfered with.—Affirmed.

ALBERT, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.