Cokely v. The State of Iowa.

The judgment is reversed.

## COKELY v. THE STATE OF IOWA.

Time is sufficiently alleged in an indictment, by an allegation that the offence was committed " on or about " a day therein named.

A battery is only an aggravation of an assault; when the assault is charged to have been made with a dangerous weapon, it is a still further aggravation; and where it is charged to have been made, with intent to commit a great bodily injury, it is only an offence in a different degree.

The assault is still the original offence; and the means—the intent—and the extent to which it is carried—qualify only the aggravation of this original offence, to which additional punishment is often affixed by the statute.

An indictment is not double, because an assault is described with additional incidents of aggravation.

Where an indictment charged that the defendant, " on or about the 9th day of June, 1856," "committed an assault and battery upon the person of H. with intent to inflict on the person of H. a great bodily injury;" *Held,* 1: That time was sufficiently alleged in the indictment; 2. That the indictment did not charge two distinct offences.

A party has no right to cross-examine any witness, except as to facts and circumstances connected with the matters stated in his direct examination.

When a question is put to a witness, which is collateral and irrelevant to the issue, his answer cannot be contradicted by the party who asked the question, but it is conclusive against him.

Where on the trial of an indictment for an assault, it was shown by the testimony of H, the person assaulted, that he went with, and at the request of a constable, to the house of the defendant, to levy an execution on his property; that they went to the stable, and the constable opened the door, went in, and levied on two mules; that H. went into the stable with him; and that while there, the assault was committed; and where the defendant, on cross-examination, asked H. whether, when the constable attempted to

Cokely v. The State of Iowa.

take the mules from the stable, the defendant did not claim, that they were his plow team, and as such, exempt from execution, and whether he did not offer to the constable other property to levy upon, sufficient to satisfy the execution? to which an objection was sustained by the court; *Held*, That the evidence was properly excluded from the jury.

And where on the further cross examination of H., he was asked, whether the wife of defendant, did not request the constable and H. not to levy on the mules, but to levy on other property, which the witness answered, stating that the wife opposed the levy on the' mules, but did not tell them that they might levy on other property, and made no request to that effect; and where the defendant then introduced his wife as a witness, and offered to prove by her, that she had made such request, to which an objection was sustained; *Held*, That the ruling of the court was correct.

Where on the trial of an indictment for an assault, after the state had proven that the party assaulted went to the house of defendant, to assist a constable in levying an execution on his property, the defendant offered to prove that the property levied on was exempt from execution, and that he requested them to levy on other property, which evidence was excluded from the jury; *Held*, That the evidence was properly excluded.

And where in such a case, after the defendant had asked the prosecuting witness, on cross-examination, whether he struck the wife of defendant, and used abusive language to her, the defendant proposed to show by his wife, that said witness had used abusive language to, and struck her, which evidence was intended to impeach the witness; and where the court held, that the wife might state whether said•witness struck her, but should testify not as to the abusive language; *Held*, That the ruling of the court was correct.

## *Error to the Mahaska District Court.*

INDICTMENT for assault and battery, with intent to commit great bodily injury to one C. C. How. A motion to set aside the indictment, and a demurrer to the same, were overruled by the court. The defendant, (plaintiff in error), then pleaded not guilty, and on the trial, exception was taken to the ruling of the court, in refusing to suffer a witness for the State to answer certain questions on cross-examination, and in sustaining the objection made by the State to the introduction of certain testimony offered by defendant. The defendant was found guilty of an assault, and fined $25.00. To the judgment of the court, he now prosecutes this writ of error.

*Crookham & Fisher*, for the plaintiff in error.

*S. A. Rice,* (Attorney-General,) for the State.

STOCKTON, J.—The questions raised by the demurrer, are : 1. Whether it is sufficient to allege in the indictment, that the offence was committed " on or about the 9th day of June, 1856." We are of opinion that it is sufficient. It is provided by the Code, (§ 2916,) that " no indictment shall be quashed, or judgment thereon arrested or deemed invalid, if it can be understood that the offence was committed at some time prior to the finding of the indictment." Wharton's Crim. Law, 162.

2. It is alleged that the indictment is double, in charging the defendant with two offences punishable by statute in a different manner. The indictment charges that the defendant, (plaintiff in error), " committed an assault and battery upon the person of C. C. How, with intent to inflict upon the person of said How, a great bodily injury." The offence is charged in different forms, in four different counts of the indictment. This is allowable upon precedent and authority, and is authorized by section 2917 of the Code. A battery is only an aggravation of the assault, and when the assault is charged to have been made with a dangerous weapon, it is a still further aggravation ; and where it is charged to have been made with an intention to commit great bodily injury, it is only an offence in a different degree. The assault is still the original offence, and the means—the intent—and the extent to which it is carried—qualify only the aggravation of this original offence, to which additional punishment is often affixed by the statute, which admits that the defendant may be convicted of the offence in a degree lower than that charged in the indictment. But it cannot be said that the indictment is double, because the assault is described with additional incident of aggravation.

3. It was shown by the testimony of How, the person assaulted, that he went with, and at the request of a constable, to the house of Cokely, the defendant, to levy an execution on his property ; that they went to the stable, and

the constable opened the stable door, went in and levied on two mules, and that How went into the stable with him, and while there the assault charged in the indictment was committed. The . defendant, Cokely, asked the witness whether, when the constable attempted to take the mules from the stable, he (Cokely) claimed that they were his plow team, and as such exempt from execution, and whether he offered to the constable other property to levy upon, sufficient to satisfy the execution. The State objected to the evidence, and the court sustained the objection. We think the evidence was properly excluded. The fact that the constable had levied upon property claimed to be exempt from seizure on execution, was no justification for the assault on How. The question, too, was asked the witness on his cross-examination, and it is well settled that a party has no right to cross-examine any witness, except as to facts and circumstances connected with the matters stated in his direct examination. If he wishes to examine him as to other matters, he must do so by making the witness his own, and calling him as such, in the subsequent progress of the cause. 1 Greenleaf's Evidence, §§ 445, 449.

4. The subject was, however, continued; and the witness How, was asked on his further cross-examination, whether Hannah Cokely wife of defendant, did not request the constable and How, not to levy on the mules, as they were her husband's only plow team, but to levy on other property. The question not being further objected to, the witness answered that Mrs. Cokely opposed the levy on the mules, but did not tell them that they might levy on other property, and made no request to that effect. The defendant, Cokely, then introduced his wife as a witness, and offered to prove by her, that she had made such request to the constable and How, the witness, at the time they levied on the mules. The State objected to the testimony, and the evidence was held by the court to be inadmissible. There was no error in this ruling of the court. The question to How, on his cross-examination, was collateral and irrelevant to the issue. It might well have been objected to by the State, and

should have been ruled out by the court. When a question is put to a witness, which is collateral and irrelevant to the issue, his answer cannot be contradicted by the party who asked the question, but it is conclusive against him. 1 Greenleaf Ev. § 449.

5. The defendant (Cokely) then offered to prove that he claimed to the constable and How, that the mules levied on were his plow team, and as such, exempt from execution, and that he requested them to levy on other property. This evidence, the defendant averred, was offered to show that the constable and How, were trespassers in levying upon property exempt from seizure. The evidence was objected to by the State, and ruled out by the court as irrelevant. The evidence was properly excluded. If the property was exempt as claimed, that fact furnished no justification to defendant for his assault on How, the constable's assistant. The legality of the levy was subject to be ascertained and determined by an appeal to the courts. The defendant had no right to take the law into his own hands, or to redress his own grievances by a resort to violence. The right to use force in defence of one's person and property, does not authorize a defendant in execution to resist forcibly the officer in the discharge of his duty.

6. The defendant then proposed to show by Mrs. Cokely, his wife, that the witness How, while in the stable, used abusive language to, and struck defendant's wife. The avowed purpose of the testimony was to impeach the credibility of How, and to justify the defendant in the use of sufficient force to prevent How from injuring his wife. The testimony was objected to by the State, and the court held that the witness might state whether How struck her, but should not state whether he had used abusive language to her. The ruling of the court was correct. The witness How, was asked in his cross-examination by the defendant, whether he struck Mrs. Cokely, and used abusive language to her. So far as the matter of the abusive language is concerned, the defendant was bound by the answer of How, and could not contradict him. 1 Greenleaf's Ev. §§ 449,

445.   So also was the defendant concluded by the answer of How, to the question "who opened the stable door?" He could not afterwards contradict the answer of How, upon that point.

Judgment affirmed.