## THE STATE v. YOUNG.

**Criminal law**: MALICIOUSLY THREATENING TO INJURE ANOTHER. Extortion and pecuniary advantage are not necessary ingredients in the offense of maliciously threatening to do an injury to another, with intent, thereby, to compel the person threatened to do an act against his will, under section 4213 of the Revision.

*Appeal from Washington District Court.*

THURSDAY, DECEMBER 10.

THE defendant was indicted, tried and convicted of the crime of maliciously threatening to injure another, to compel another to do a thing against his will. After verdict, the defendant moved in arrest of judgment, on the ground that the indictment did not charge facts sufficient to constitute any offense. This motion was overruled and judgment and sentence were duly passed upon the defendant. The defendant appeals. The further facts are stated in the opinion.

*Lewis & Bennett* for the appellant.

*H. O'Connor*, Attorney-General, for the State.

COLE, J. — The charging part of the indictment is as follows : " The said Charles Young, at, etc., feloniously and maliciously did threaten to shoot one George W. Pressley, then and there being, with intent then and there thereby, by means of said threat, to compel the said George W. Pressley to submit to his person being searched, the same being against the will of him, the said George W. Pressley, and contrary to the form of the statute, in such case made and provided." The section of the statute under which the indictment was found, is as follows : " Sec. 4213 (2590). If any person, either verbally or by any written or printed communication, maliciously threaten to accuse another of a crime or offense, or to do any injury to the person or property of another, with intent thereby to extort any money or pecuniary advantage whatever, or to compel the person so threatened to do any act against his will, he shall be punished by imprisonment in the penitentiary not more than two years, or by fine not exceeding five hundred dollars."

*CRIMINAL LAW: maliciously threatening to injure another.*

The only question presented for our decision, is as to the sufficiency of the indictment under the statute quoted. The appellant's counsel claim that extortion or pecuniary advantage are the principal and necessary ingredients in the offense, and must be charged in the indictment, or it is bad.

The indictment is sufficient. The statute defines the crimes and prescribes the penalty for the doing of either one of two things : First, to maliciously threaten, etc., with intent to extort money or pecuniary advantage; second, to maliciously threaten, etc., with intent to compel the person threatened to do an act against his will. This indictment charges the latter. For the purpose of showing the true interpretation of the statute and that the offense charged is within it, the section may be read

so as to omit the language applicable to the first offense above specified, as follows: If any person verbally * * maliciously threaten * * to do any injury to the person of another, with intent * * to compel the person so threatened to do any act against his will, he shall be punished, etc. That this is the correct construction of the statute we have no doubt.

. Affirmed.