Madden v. Koester.

---

MADDEN v. KOESTER.

1. **Evidence:** DISCREDITING WITNESS: IRRELEVANT MATTERS. In an action for slander a witness for defendant was asked in cross-examination, under guise of discrediting his testimony, concerning certain alleged fraudulent transactions of the defendant in which he participated—such transactions having no relevancy to the issues in the case. *Held,* that such examination was erroneously permitted.

*Appeal from Scott Circuit Court.*

MONDAY, DECEMBER 15.

ACTION to recover damages for slanderous words spoken of and concerning the plaintiff by the defendant. The defendant pleaded that in the purchase of certain barley the plaintiff's conduct was such as to justify the charge. Trial by jury and verdict and judgment for the plaintiff, and defendant appeals.

*W. A. Foster,* for appellant.

*Bills & Block,* for appellee.

SEEVERS, J.—The defendant introduced in his own behalf, as a witness, one Dornwell, and he gave evidence tending to

**1. EVIDENCE: discrediting witness: irrelevant matters.** sustain the defense pleaded, or at least to reduce the damages. The following question was asked said witness on cross-examination: "Do you remember Sears making a contract with Koester for some club or tea wheat. Koester got a telegram that day that it had gone up, and he asked you to go and tell Sears that in the bottom of the cars it was all fife wheat, and you went and told him so?" To this question the defendant objected on the grounds that it was immaterial, incompetent, and not proper cross-examination, and had no tendency to prove any issue in the case. The objections were overruled and the witness gave evidence tending to show that the defendant had committed a willful fraud on Sears.

Counsel for the appellee maintain the question was proper, and that the evidence elicited in response thereto, and to other questions to which the same objections were made, was admissible in the discretion of the court, because it had a tendency to disparage the witness, and that an abuse of such discretion must be shown before we can interfere. In support of this proposition, 1 Green, Ev., § 459; *Howard v. The City Fire Ins. Co.*, 4 Denio, 502; and *The Turnpike Co. v. Loomis*, 32 N. Y., 127, are cited. These authorities, and others that might be cited, enunciate the rule that questions may be propounded to a witness on cross-examination and evidence elicited which tends to show his feelings and relations to the parties, and possibly the rule extends farther than this, and that in the discretion of the court the witness may be asked as to fraudulent transactions in which he has been engaged, which have no bearing on the issue, and about which he did not testify in chief. But as such evidence is collateral to the issue, the answers of the witness to such discrediting questions are conclusive as to the party asking them, and cannot be contradicted by him. The cross-examination in the present case went beyond this, and the tendency of the evidence was to show that the defendant had attempted to cheat and swindle Sears in a transaction which had no connection with the issue,

and that the witness was the instrument used in the perpetration of the fraud.

The question is whether this is permissible under the guise of discrediting the witness. No adjudicated case to which our attention has been called so holds, nor do the text-books lay down any such rule. The defendant was not bound to be prepared to meet and explain other transactions than that in issue. No one can be expected, at a moment's notice, to defend the conduct of a lifetime. The matter inquired about was collateral to the issue, and had no tendency whatever to sustain any issue in the case, nor had it any bearing thereon. If believed by the jury, the evidence would have had a tendency to show that the defendant was not an honest man, and possibly to increase the amount the jury might otherwise have thought the plaintiff was entitled to recover. This clearly would be unjust, and we can readily see that in all probability it was prejudicial to the defendant.

We deem it unnecessary to pass upon the other errors assigned. We greatly doubt if any of them are well taken. Some of them will not probably occur on the retrial of the cause, and it would be improper to express an opinion whether or not the damages are excessive.

REVERSED.