### State v. Egan.

1. **Evidence:** IMPEACHING WITNESS FOR BAD MORAL CHARACTER: STAT-
UTE CONSTRUED. In section 3649 of the Code, which provides that "the
general moral character of a witness may be proved for the purpose of
testing his credibility," the word "*character*" means *reputation*; and
testimony offered which did not relate to the reputation of the witness
as to moral character, but was intended to show his moral character as
known to the witness, independent of reputation, was *held* properly ex-
cluded.

*Appeal from Polk District Court.*

FRIDAY, OCTOBER 20.

DEFENDANT was convicted of keeping a gambling house,
and now appeals to this court.

*Sickmon & Barclay*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

BECK, J.—I.   A witness testified upon the trial on behalf
of the State, and defendant sought to impeach the evidence
by proof tending to show that he was a man of bad morals.
The testimony offered did not relate to the reputation of the
witness as to moral character, but was intended to show his
character as known to the witness independent of reputation.
The evidence was excluded, and the court below held that the
impeaching testimony must be confined to the general repu-
tation of the witness as to morals.   The ruling was correct.
If a witness could be impeached by proof of his moral quali-
ties as known to the witness called to discredit him, it would
involve endless inquiry into the truth of the matter upon
which the opinion of his moral qualities is founded, and would
demand issues to be tried touching the life, practices and
dealings of the witness; for, surely, a witness could not be as-
sailed in this way without an opportunity to vindicate him-

self. For this, and other reasons, the law has always confined impeaching evidence to the reputation of the witness whose testimony is brought in question.

II. Council for appellant rely upon Code, § 3649, which provides that "the general moral character of a witness may be proved for the purpose of testing his credibility." The word "character" as used means *reputation* according to one of the definitions of the word. The general reputation may, therefore, be shown under this section.

The object of the provision was to change the common law rule restricting impeaching evidence to proof of reputation for want of truth and veracity. *Carter v. Cavenaugh*, 1 G. Greene, 171. Under that rule, the general reputation as to morals, the moral character of a witness, could not be shown; the section quoted permits the general moral character to be made the subject of inquiry. Under the old law a witness could be impeached only by showing a reputation for want of truth; under this statute he may be impeached on the ground of bad moral character—reputation.

III. No other question is discussed by counsel. We have considered the whole record of the case and find no ground for disturbing the judgment of the District Court. The evidence sufficiently supports the verdict of the jury.

AFFIRMED.