THE STATE OF IOWA, Appellee, v. CHARLES McGLASSON, Appellant.

Criminal Law: MALICIOUS THREATS: INSUFFICIENT INDICTMENT. Section 3871 of the Code is designed to prevent and punish threats to accuse a person of a crime, or to do any injury to his person or property, made with intent to accomplish certain specific purposes, one of which is to compel a person to do an act against his will. *Held*, that an indictment which charged that the defendant "threatened by verbal communication to C. that it would not be good for her if she instituted bastardy proceedings against him, * * * with intent then and there, by means of said threat, to compel the said C. not to commence said bastardy proceedings, the same being against the will of the said C." did not charge an offense under said section, since it did not charge a threat of either kind within the meaning of the statute.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

TUESDAY, OCTOBER 3, 1893.

The defendant was accused of the crime of maliciously threatening another to compel her to do an act against her will, was tried by jury, found guilty, and adjudged to be imprisoned in the penitentiary at Ft. Madison. From that judgment, he appeals.—*Reversed.*

*J. C. Williams*, for appellant.

*John Y. Stone*, Attorney General, *Thos. A. Cheshire*, and *B. W. Preston*, County Attorney, for the State.

ROBINSON, C. J.—The indictment returned by the grand jury contains two counts as follows: "The grand jury of the county of Mahaska, in the name and by the authority of the state of Iowa, accuse Charles McGlasson of the crime of maliciously threatening to compel a person to do an act against her will, committed as follows: The said Charles McGlasson, on the fourth day of March, in the year of our Lord one thousand eight hundred and ninety-two, in the county aforesaid, in the state of Iowa, did then and there, maliciously, unlawfully, and feloniously, threaten, by verbal communication to Anna Cook, that it would not be good for her if she instituted bastardy proceedings against him, the said Charles McGlasson, for the maintenance and support of her child, of which the said Charles McGlasson was the father, with intent, then and there, by means of said threat to compel the said Anna Cook not to commence said bastardy proceedings, the same being against the will of the said Anna Cook, contrary to and in violation of law. *Second Count.* And the grand jury aforesaid, upon their oaths, do further, in the name and by the authority of the state of Iowa, aver, find, and present that the said Charles McGlasson, at and within the county aforesaid and state aforesaid, on the fourth day of March, in the year

of our Lord one thousand eight hundred and ninety-two, did then and there, willfully, unlawfully, maliciously and feloniously, threaten, by verbal communication to said Anna Cook, to cause her, the said Anna Cook, to be sent to the penitentiary, and did then and there, willfully, unlawfully, maliciously, and feloniously, threaten, by verbal communication to said Anna Cook, to kill her, the said Anna Cook, with intent then and there, by means of said threats, to compel the said Anna Cook to not appear and testify before the grand jury, the same being against the will of the said Anna Cook, contrary to and in violation of law."

I. A demurrer to the indictment, the first ground of which was that the first count does not state facts sufficient to constitute a crime, was overruled. Section 3871 of the Code is as follows: "Section 3871. If any person, either verbally or by any written or printed communication, maliciously threaten to accuse another of a crime or offense, or to do any injury to the person or property of another, with intent thereby to extort any money or pecuniary advantage whatever, or to compel the person so threatened to do any act against his will, he shall be punished by imprisonment in the penitentiary not more than two years, or by a fine not exceeding five hundred dollars." The statute is designed to prevent and punish threats to accuse a person of a crime or offense, or to do any injury to his person or property, made with intent to accomplish certain specific purposes. The threat alleged in the first count is that "it would not be good for" Anna Cook if she instituted bastardy proceedings against defendant. What was meant by the threat is not shown, and can scarcely be conjectured from a reading of the count. The evidence tends to show that the defendant had voluntarily contributed to the support of Anna Cook and her child prior to the time the threat is

alleged to have been made. It may have referred to a purpose on his part to discontinue the assistance he had been rendering, in case she instituted bastardy proceedings against him, or it may have referred to other acts or conditions, as well as to the unlawful purposes contemplated by the statute. The count should have stated the offense charged with such a degree of certainty, and in such a manner, as to enable a person of common understanding to know what was intended. Code, section 4305, subdivision 5. We conclude that the first count does not charge an offense, and that the demurrer thereto should have been sustained.

II. One ground of the demurrer was that the indictment charges two crimes. When the evidence had been fully submitted, the state dismissed the proceedings as to the second count, and it is, therefore, unnecessary to determine the question presented by the third ground of the demurrer.

The conclusion we have reached makes it unnecessary also to consider other questions discussed by counsel. For the error pointed out, the judgment of the district court is REVERSED.