STATE OF IOWA V. CLARK TODD, Appellant.

**Threats:** COMPELLING ACTS OF PROSECUTOR: *Indictment.* Under Code, section 4767, making it a crime to maliciously threaten any person, with intent to compel such person to do any act against his will, an indictment settng out that defendant maliciously threatened to injure witness, with intent to compel him, against his will, to submit to the insertion in his mouth of defendant's private parts, charged a crime; and it was immaterial that the threats were not made with intent to extort money, or whether or not the act defendant sought to have done was a crime.

**Witnesses:** INSTRUCTING ON NATURE OF OATH. It was not error for the prosecuting attorney to Instruct a witness as to the nature of an oath shortly before he placed the witness on the stand.

**Misconduct in Stating Expected Proof:** *When not prejudicial.* Where the prosecuting attorney, without objection or exception, stated to the jury that he expected to show that defendant had committed another crime similar to the one he was charged with committing,

but the evidence of such other crime was rejected, without allowing the attorney to state what it was that he expected to prove, the defendant was not prejudiced by the statement.

*Jury question.* Where a child was adjudged a competent witness, his credibility was for the jury.

COMPETENT CHILD WITNESS: *No corroboration required.* Where a child was adjudged a competent witness, it was not necessary that his evidence be corroborated.

**Requesting Instructions.** Where the court's instructions covered the case, and defendant failed to ask for any, he cannot complain of failure to more fully instruct on certain points.

*Appeal from Benton District Court.*—HON. GEORGE W. BURNHAM, Judge.

WEDNESDAY, APRIL 11, 1900.

DEFENDANT was indicted, tried, and convicted of the crime of maliciously threatening to do an injury to one Charles Pettit, to compel him (Pettit) to suffer defendant to do a loathsome act, against his will, and from the sentence imposed he appeals.—*Affirmed.*

*Thos. H. Milner* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

DEEMER, J.—Charles Pettit was a boy about eleven years of age, when he was placed on the witness stand. Question was made regarding his competency, and a preliminary examination regarding his understanding of the nature of an oath was had in the presence of the court and jury. The court concluded that the witness had sufficient understanding, and permitted him to testify. There was no error in this. The record clearly shows that the child had sufficient natural intelligence to understand the nature of an oath, and that he did fully comprehend it. It also appears that the witness was instructed by the county attorney regarding the nature of an oath shortly before he was placed on the witness stand, and that after

being so instructed he understood its solemn nature. Such instruction was proper. *Com. v. Lynes,* 142 Mass. 577,. (8 N. E. Rep. 408; *State v. Severson,* 78 Iowa, 653. While Blackstone seems to have been of the opinion that a child's evidence must be corroborated (see 4 Blackstone Commentaries 214), such is not the rule in this country (1 Phillips. Evidence [9th ed.] pp. 6. 7).

II.   In his opening statement to the jury, the county attorney said he expected to prove that the defendant committed a similar crime upon another boy about the time he committed the offense charged. Defendant made no objection to the statement, and no exception was saved. When the county attorney offered evidence in support of the statement, an objection to it was sustained; and the jury were thus fully advised that they could not consider such fact, even if it had been true. Indeed, the county attorney, in offering the evidence, was not permitted to state what he expected to prove. It is apparent that no prejudice resulted to defendant from the statement of counsel as to what he expected to prove. Counsel should not be too closely limited in their opening statements, and misconception on their part as to the competency of evidence should not be ground for a. new trial, unless so gross, or made under such circumstances, as that prejudice may be inferred. *State v. Allen,* 100 Iowa, 7.

III.   The credibility of the prosecuting witness is. attacked, and the seeming contradictions in his evidence are made grounds for the contention that the boy did not understand the nature of an oath. We have already held that the proper preliminary showing as to competency was. made. This being true, the credibility of the witness. was for the jury. In arriving at the weight to be given his evidence, his understanding of the nature of an oath, and his capacity to comprehend the distinction between right and wrong, as disclosed by his preliminary examination before the jury, were proper matters to be considered.

IV.   Omitting immaterial matters, the section of the Code under which the indictment was found reads as follows: "If any person maliciously threaten  *  *  *  to do an injury to another, with intent to compel the person threatened  *  *  *  to do any act against his will, he shall be punished," etc.   Code, section 4767.   Now, the exact charge is that the defendant maliciously threatened to kick, strike, and otherwise injure the person of Charles Pettit, with intent to compel him, the said Pettit, to submit against his will, to the insertion in his mouth of the private parts of the said defendant.   Surely, this indictment charges a crime under the statute.   There is no necessity for charging that the threats were made with intent to extort money or to obtain any pecuniary advantage, for the plain reason that the statute does not require it.   The language of he enactment is plain and unambiguous, and there is no room for construction.   *State v. Young,* 26 Iowa, 122; *State v. Waite,* 101 Iowa, 377.   It is not necessary that the act the defendant sought to have the boy do should, if consummated, be a crime.   Hence there is no force in the suggestion that the act which the defendant sought to have done was not sodomy.   The authorities seem to hold that such a loathsome act as the defendant was seeking to have done is not sodomy.   2 Bishop Criminal Law, section 1194; *Prindle v. State,* 31 Tex. Cr. R. 551, 21 S. W. Rep. 360.   But as already suggested, this is an immaterial matter, and throws no light on the construction to be given the statute under which the indictment was found.

V.   Some of the instructions are complained of.   They seem to fully cover the case, and as defendant failed to ask any, he cannot complain because particular points were not more fully elaborated.

We have gone over the record with care, and discover no prejudical error.   Defendant was given the maximum sentence, and it is only to be regretted that he cannot be more severely punished for his heinous and unnatural crime. —AFFIRMED.