STATE OF IOWA v. RICHARD HAUPT, Appellant.

**Seduction:** EVIDENCE: REPUTATION OF PROSECUTRIX. On a prosecution for seduction, evidence of the general moral character of the prosecutrix, when she is a witness for the State, is admissible for the purpose of testing her credibility, but should ordinarily be confined to the time of trial.

*Appeal from Greene District Court.*— HON. F. M. POWERS, Judge.

FRIDAY, DECEMBER 16, 1904.

A JURY found the defendant guilty of seduction, and he appeals from a judgment on the verdict.— *Reversed.*

*Gallagher & Graham,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

SHERWIN, J.— A careful consideration of the evidence sustaining the charge against the defendant leaves no doubt in our minds as to its sufficiency to sustain the verdict. The instructions given fully and fairly covered the issues tried, and are free from error. The one referring to the flight of the defendant was justified by the evidence that he then knew of the complainant's condition and of her claim that he was the author thereof.

The defendant introduced evidence tending to prove that the prosecutrix was of unchaste character prior to his alleged seduction of her. He also offered testimony as to her general moral character at the time of trial and before that time, which was rejected. The prosecutrix was a witness for the State, and the offer of this testimony was made under section 4614 of the Code, for the purpose of testing her credibility as a witness. We think it should have been received. The statute says, "The general moral character of a witness may be proved for the purpose of testing his credibility." No exception is made to the admissibility of such testimony by the statute, and we cannot ingraft one thereon for application in this class of cases. The statute has frequently been applied to a defendant in criminal prosecutions who testifies in his own behalf, and we can find no substantial reason for holding it not applicable here. State v. Kirkpatrick, 63 Iowa, 554; State v. Hardin, 46 Iowa, 623. The charge of seduction puts in issue only the previous character of the prosecutrix, and this may not be assailed by testimony as to reputation or as to general moral character. When she becomes a witness, however, her credibility is to be tested and determined by the rules applicable to other witnesses. For this purpose, only, the general moral character or reputation may be shown as discrediting the witness, and not proof of a specific vice. Kilburn v. Mullen, 22 Iowa, 498; Kitteringham v. Dance, 58 Iowa, 632. Such testimony will ordinarily be confined to the time of the trial, and in cases of this character the rule should be as closely

adhered to as possible. If this be done, the accused will secure no advantage by a slanderous and unjust assault upon the character of the woman he has wronged; on the other hand, if she be not worthy of belief because of her general bad character, his rights are protected. For the error indicated, the judgment is reversed, and the case remanded.— *Reversed*