STATE OF IOWA v. GEORGE GREGORY, Appellant.

**Criminal law:** COMPETENCY OF WITNESS: DISCRETION. The competency
1 of a child as a witness is a matter largely within the discretion of the trial court, and unless abuse is shown its determination of the question will not be disturbed on appeal.

**Same:** EVIDENCE OF MORAL CHARACTER. Under the statute the general
2 eral moral character of a witness may be shown as bearing upon his credibility; and while the term "character" as used in the statute is equivalent to the term "general reputation;" still it is the general moral character of the witness which may be inquired into and not his general reputation unconnected with the question of moral character.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

THURSDAY, JULY 7, 1910.

DEFENDANT was indicted for the crime of rape. Upon

trial to a jury he was convicted of an assault with, intent to commit rape, and appeals.—*Affirmed.*

*S. B. Allen,* for appellant.

*H. W. Byers,* Attorney-General, and *Chas. W. Lyon,* Assistant Attorney-General, for the State.

DEEMER, C. J.—Defendant is accused of having committed the crime of rape upon the prosecuting witness, Edith Otto, a girl under the age of fifteen years. Three matters are relied upon for a reversal:

First. It is insisted that two of the state's witnesses were so young and immature that their testimony should not have been received. One of these witnesses was thirteen and the other eleven years of age. Both the county attorney and the presiding judge examined these witnesses as to competency and the trial court concluded that their testimony should be admitted. In this there was no error. In such matters the trial court has a large discretion, and there was no abuse thereof in this case. *State v. Todd,* 110 Iowa, 631; *State v. Crouch,* 130 Iowa, 478; *State v. Meyer,* 135 Iowa, 507.

1. CRIMINAL LAW: competency of witness: discretion.

Second. It is argued that there is not sufficient corroborating testimony tending to connect defendant with the commission of the offense. In our opinion there was ample—rather more than is usual in such cases. For obvious reasons, there is no need for setting it out *in extenso.*

Third. Edith Otto was a witness for the state, and, in order to impeach her, the defendant produced a witness to whom the following questions were propounded: "Do you know what the general reputation of Edith Otto is in the neighborhood where she resides as to her character or was in

2. SAME: evidence of moral character.

March, 1909? (Objected to as incompetent, irrelevant, immaterial and improper in form. Sustained. Defendant excepted.) Do you know what the general reputation of Edith Otto in the neighborhood where she resides is as to her character? (Objected to as incompetent, irrelevant, immaterial and improper. Sustained and excepted to by the defendant.) Do you know what the general reputation of Edith Otto was about March 3, 1909, in the neighborhood where she resided at that time? (Objected to as incompetent, irrelevant, immaterial and improper. Sustained and excepted to by the defendant.)" The trial court made rulings on objections thereto as shown.

Section 4614 of the Code provides: "The general moral character of a witness may be proved for the purpose of testing his credibility." Character as referred to in this section has been held to be the equivalent of general reputation. *State v. Egan,* 59 Iowa, 636; *State v. Seevers,* 108 Iowa, 738, and cases cited; *State v. Haupt,* 126 Iowa, 152. However, it is the moral character of the witness and not his character as to truth and veracity, or character as to being peaceable and law abiding. *State v. Seevers,* 108 Iowa, 738. Moreover, it is not some specific vice which may be shown. *Kilburn v. Mullen,* 22 Iowa, 498. The questions asked were not confined to general moral character, and for that reason the trial court did not err in sustaining objections thereto.

No prejudicial error appears, and the judgment must be, and it is, *affirmed.*