STATE OF IOWA, Appellee, v. BEN MARQUARDT, Appellant.

WITNESSES: Bad Moral Character. One may not be convicted of an offense by merely showing his bad moral character, but such character may be shown as bearing on his credibility as a witness.

**INTOXICATING LIQUORS:** Possession in Hotel. Possession of intoxicating liquors in the room of a hotel by one not authorized to sell, raises a statutory presumption of possession with intent to unlawfully sell, even though such room is the private dwelling place of the possessor. (Sec. 2427, Code, 1897. And see Ch. 323, Acts 37 G A.)

*Appeal from Winnebago District Court.—J. J.* CLARK, *Judge.*

NOVEMBER 19, 1918.

INDICTMENT for maintaining a liquor nuisance in Winnebago County. Upon trial had, a verdict of guilty was rendered, and judgment entered thereon. The defendant appeals.—*Affirmed.*

*Gorden & Osmundson,* for appellant.

*H. M. Havner,* Attorney General, *B. J. Powers,* Assistant Attorney General, for appellee.

EVANS, J.—Two grounds of reversal are laid by appellant:

(1) The State introduced evidence of the defendant's moral character. He now contends that the introduction of this testimony was error, in that his guilt could not be proved by reputation as to his character.

1. WITNESSES: bad moral character.

The defendant was a witness in his own behalf. It was, therefore, permissible to the State to show his general moral character, as affecting his credibility as a witness. Code Section 4614.

(2) In instructing the jury, the trial court set forth the provisions of Code Section 2427. Pursuant thereto, the jury was instructed that, if intoxicating liquors were found in the possession of the defendant, they were presumed to be held by him for illegal sale.

2. INTOXICATING LIQUORS: possession in hotel.

Complaint is made of this instruction. The defendant,

as a witness, testified that he was, during the period charged in the indictment, the keeper of a hotel; that he did keep intoxicating liquors in a certain room in said hotel continuously; that he kept the same solely for his own use; and that he did not keep the same for sale. Witnesses for the State testified to purchases from the defendant of intoxicating liquors, and that the same were delivered at a certain hotel room. The contention for the defendant is that the presumption raised by Section 2427 does not apply to intoxicating liquors found in a private dwelling house, and that the room in question was his own private room. The contention of the defendant is completely negatived by the express terms of the statute. The exception contained in such section applies only to a "private dwelling house, which does not include or is not used in connection with a tavern, public eating house, etc." Manifestly, such exception will not apply to a private dwelling house which consists of a room in a hotel owned by the roomer. No other grounds of reversal are presented to us. The judgment below is, therefore,—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.