STATE OF IOWA, Appellee, v. JAMES McCUMBER, Appellant.

**CRIMINAL LAW:** Trial—Evidence on Rebuttal. A witness whose name is not indorsed on the indictment may testify on rebuttal in contradiction of the defendant's alibi, even though such testimony would have been proper while the State was making its case in chief.

**WITNESSES:** Impeachment—Collateral Matters—Conclusiveness of Answers. The State is absolutely bound by the answers of the defendant on cross-examination in a criminal prosecution relative to the defendant's going under various assumed names, when the State makes no showing of connection between such inquiry and the commission of the crime charged. (See Book of Anno., Vol. 1, Sec. 11255, Anno. 20 *et seq.*)

**WITNESSES:** Impeachment—Remote Collateral Matters. The State may not, on cross-examination of an accused, delve into remote col-

lateral matters.   (See Book of Anno., Vol. 1, Sec. 11255, Anno. 30, 42, 43.)

**Headnote 1:**   16 C. J. pp. 799, 868.   **Headnote 2:**   16 C. J. p. 870; 40 Cyc. pp. 2627, 2770, 2771.   **Headnote 3:**   40 Cyc. p. 2493.

**Headnote 1:**   8 R. C. L. 186.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

FEBRUARY 8, 1927.

The defendant was convicted of the crime of breaking and entering, and appeals.—*Reversed and remanded.*

*Hollingsworth & Hollingsworth,* for appellant.

*John Fletcher,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, and *G. L. Norman,* County Attorney, for appellee.

VERMILION, J.—The appellant was accused of breaking and entering a warehouse with intent to commit larceny. The warehouse in question was located on an alley, and behind a store with an intervening yard. The appellant lived across the alley from the warehouse.

I.   The evidence in chief on behalf of the State was to the effect that, about two and a half hours before sunrise, on the morning in question, a man was seen coming out of the warehouse with a sack of feed or bran on his shoulder; that the door of the warehouse had previously been shut; that one of the witnesses, who had been watching from the store building, called to the man and fired a gun; that the man dropped the sack and ran. Two witnesses who were watching testified that the man with the sack was the appellant; that they had known him for six months.

1. CRIMINAL LAW: trial: evidence on rebuttal.

The appellant and his wife testified that the appellant was in his own home; that he got up and came downstairs just in front of his wife, and was in the kitchen, building a fire, when they heard a shot and a man running. The appellant testified that he went out to the gate, and could see no one, but heard an automobile running. The appellant denied that he was at or in the warehouse that morning.

In rebuttal, the State was permitted to. introduce the testimony of a witness who said that he was standing in an alley across the street from the warehouse; that he heard the shot and saw the flash, and saw the appellant run out of the yard between the corner of the warehouse and a billboard, and run to his own house and go in. It is urged that this testimony was not proper in rebuttal, and that the name of the witness was not indorsed on the indictment.

The testimony of appellant and his wife tended to establish an alibi. This was an affirmative defense, as to which the burden was on appellant. The State had, a right, in rebuttal, to introduce testimony tending to contradict the testimony by which the defense was sought to be established, and this is true although such testimony might have been admissible in chief, as tending to connect the defendant with the commission of the crime, and although the name of the witness was not indorsed on the indictment. *State v. McClintic*, 73 Iowa 663; *State v. Watson*, 102 Iowa 651; *State v. Johnson*, 72 Iowa 393; *State v. Olson*, 200 Iowa 660. See, also, *Mills v. State*, 104 Ohio St. 202 (135 N. E. 527) ; *State ex rel. Botts v. Stout*, 101 Kan. 600 (168 Pac. 853).

II. The appellant, as a witness in his own behalf, was asked, on cross-examination, how long he had been going by the name of McCumber; if at one time he had not gone by the name of Jameson; and if, on one occasion, he had not been introduced to one Vaughan by the name of Jameson. He answered that he had always gone by the name of McCumber; that it was his name; that he never at any time had gone by the name of Jameson, or been so introduced.

2. WITNESSES: impeachment: collateral matters: conclusiveness of answers.

The State was permitted, over objections, in rebuttal, to show by one witness that the appellant had gone by the name of Jameson, and to show by Vaughan that, some ten or twelve years before, appellant had been introduced to him by that name. Motions to strike the answers were overruled.

With respect to his memory, history, motives, or matters affecting credibility, a defendant charged with a crime, when a witness, stands on the same footing as any other witness. *State v. Kuhn*, 117 Iowa 216. In *State v. Watson*, supra, where the county attorney was permitted to cross-examine the defendant,

who was a witness in his own behalf, with reference to his various places of residence, his going under assumed names, and his whereabouts at particular times, at considerable length, we said that the examination was perfectly proper, and that the court did not abuse the discretion vested in such matters. But where a witness is cross-examined upon a matter that is collateral to the issue, even though the cross-examination was proper, or was not objected to, the party cross-examining him is bound by his answers, and cannot contradict them. *Cokely v. State*, 4 Iowa 477; *Madden v. Koester*, 52 Iowa 692; *Clark v. Reiniger*, 66 Iowa 507; *Eikenberry & Co. v. Edwards*, 67 Iowa 14; *Swanson v. French*, 92 Iowa 695; *State v. McKinstry*, 100 Iowa 82; *Hubbard v. Montgomery County*, 140 Iowa 520; *Cash v. Dennis*, 159 Iowa 18; *In re Estate of Workman*, 174 Iowa 222.

We are of the opinion that the court erred in admitting in rebuttal, and without showing any connection between that fact and the commission of the crime, testimony tending to show

3. WITNESSES: impeachment: remote collateral matters.

that, at some time previous to the commission of the crime, the appellant used, or was introduced by, an assumed name; and that this is true although the appellant had on cross-examination denied such facts. It was wholly collateral to the issue. The transaction to which Vaughan was permitted to testify was also not a proper subject of cross-examination, had it appeared, as it later did, that it occurred as much as ten years previous. It was too remote. *State v. Dillman*, 183 Iowa 1147.

III. There were no sufficient exceptions to the instructions asked and refused, or to those given by the court. Section 11495, Code of 1924; *State v. Derry*, 202 Iowa 352.

In view of a reversal on other grounds, it is unnecessary to consider the sufficiency of the evidence to sustain the verdict, or the claimed severity of the punishment inflicted.

For the errors referred to, the judgment is reversed, and the cause remanded.—*Reversed and remanded.*

EVANS, C. J., and STEVENS and FAVILLE, JJ., concur.