STATE OF IOWA, Appellee, v. L. J. ESSEX, Appellant.

No. 41327.

NOVEMBER 14, 1933.

Guy S. Calkins, and C. Edwin Moore, for appellant.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, and Carl Burkman, County Attorney, for appellee.

STEVENS, J.—The indictment in this case is based upon section 13164 of the Code of 1931, and is as follows:

"The Grand Jury of the County of Polk, in the State of Iowa, accuse L. J. Essex and Harry W. Noah of making malicious threats to extort money, and charge that L. J. Essex and Harry W. Noah on or about the first day of May, A. D., 1931, in the County of Polk, in the State of Iowa, did wilfully, maliciously and feloniously threaten to do injury to the person of Walter Dobbins by threatening to forcibly arrest and place in jail said Walter Dobbins with the intent then and there on the part of L. J. Essex and Harry W. Noah to extort money from the said Walter Dobbins, aforesaid.

"Said indictment was filed in the office of the Clerk of the District Court of Polk County, Iowa, on the 12th day of June, 1931."

The aforesaid section constituted section 2590 of the Code of 1851 and has never been amended in any particular. It reads as follows:

"If any person either verbally or by any written or printed communication maliciously threaten to accuse another of a crime or offense or to do any injury to the person or property of another, with intent thereby to extort any money or pecuniary advantage whatever or to compel the person so threatened to do any act against his will, he shall be punished by imprisonment in the penitentiary not more than two years or by fine not exceeding five hundred dollars."

A motion for a directed verdict was overruled at the close of the state's evidence. Error in this ruling is assigned. The major propositions relied upon, however, for reversal are predicated upon alleged error in the court's charge to the jury.

As interpreted by this court, section 13164 of the Code defines two separate and distinct crimes; that is, the crime of malicious threats to extort money and the crime of malicious threats to compel a person to do an act against his will. State v. Young, 26 Iowa 122; State v. McGlasson, 88 Iowa 667, 56 N. W. 293; State v. Waite, 101 Iowa 377, 70 N.W. 596; State v. Todd, 110 Iowa 631, 82 N. W. 322; State v. O'Mally, 48 Iowa 501; State v. Debolt, 104 Iowa 105, 73 N. W. 499.

The crime charged in the indictment in the present instance is that of malicious threats to extort money. Although some of the

elements of the crime of malicious threats with intent to compel another to do an act against his will are included in the indictment, this does not render it bad for duplicity. It was proper to charge the crime to have been committed in any or all of the methods defined by the statute. State v. Lewis, 96 Iowa 286, 65 N. W. 295; State v. Browning, 153 Iowa 37, 133 N. W. 330.

Appellant concedes that the crime of malicious threats to extort money is properly pleaded. Paragraphs 5 and 6 of the court's charge to the jury are as follows:

"Instruction No. 5. If you find beyond a reasonable doubt that in this county and state and within three years next preceding the finding of the indictment, to-wit, June 12th, 1931, the defendant, L. J. Essex, did maliciously threaten Walter Dobbins as substantially charged in the indictment and with the intent on the part of the said defendant to extort money from the said Walter Dobbins so threatened, and to compel the said Walter Dobbins to do an act against his will as charged in the indictment, then you should find the defendant guilty as charged, but if you fail to so find you will then return your verdict of not guilty.

"Instruction No. 6. You are further instructed that the offense as defined by law and as charged in the indictment is complete if malicious threats were made as charged in the indictment to the person therein named, to-wit, Walter Dobbins, with intent to extort money or to compel the person so threatened to do an act against his will whether the person so threatened gave any money or not."

It will be observed that instruction No. 5, in substance, quotes the indictment, and that in the succeeding instruction the jury are told that, if malicious threats were made to Walter Dobbins, with the intent to extort money *or to compel the person so threatened to do an act against his will,* whether the person so threatened gave any money or not, the crime is complete. The thought of this instruction runs through the charge as a whole. Nowhere was the jury clearly instructed that, to convict, the evidence must make out the crime of malicious threats with intent to extort money. The defendant could not be properly convicted, under the indictment charging malicious threats, of the crime of malicious threats to compel Dobbins to do an act against his will. Under the indictment, if the evidence established malicious threats, to the latter end

only, the defendant should have been acquitted. The clear implication, if not the specific language of instruction No. 5, is to the contrary.

Other paragraphs of the charge are more or less fairly subject to the same criticism. This court cannot say that the jury were not misled by the instructions quoted supra. The evidence, which we deem it unnecessary to recite or review, quite abundantly showed that Dobbins was, by the respective acts of the defendant shown in the testimony, induced to do an act against his will.

It may have been equally clear to the jury, so far as the evidence is concerned, that threats were also made with the intent to extort money. We say this without any prejudice whatever to a subsequent trial of this case. The indictment clearly charged malicious threats to extort money and not threats to compel Dobbins, the party threatened, to do an act against his will independent of the alleged purpose to extort money. Other portions of the charge criticized need not be considered.

For the error already pointed out, the judgment must be reversed.—Reversed.

ALBERT, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.