STATE OF IOWA, Appellee, v. LEE MARCUS, Appellant.

No. 47255.

(Reported in 34 N. W. 2d 179)

118

OCTOBER 19, 1948.

REHEARING DENIED JANUARY 14, 1949.

John J. Hess, of Council Bluffs, for appellant.

Robert L. Larson, Attorney General, Don H. Jackson, County Attorney, and David E. Stuart, Assistant County Attorney, for appellee.

OLIVER, J.—Shortly before nine p. m., November 26, 1947, a seriously injured man was found lying in a paved street in a residential district in Council Bluffs. Apparently he had been struck by a motor vehicle. A short distance to the north were shattered pieces of automobile headlight glass. A police car was called, the scene was inspected and the man was taken to a hospital. The following day the police seeking to learn the identity of the driver of the vehicle visited various automobile repair shops. At one of these they were told a broken headlight had been replaced for defendant about midnight, November 26.

Defendant owned and operated a drugstore not far from the place of the accident. He was called to the police station about seven p. m., November 27. Under questioning by the police he stated he had delivered two prescriptions to a home near the place of the accident and while driving his automobile south from there a man loomed up in front of his right headlight; that he sounded his horn, swerved his car to the left and applied his brakes, but could not avoid hitting the man. He stated he drove around the next corner, stopped his car, alighted and considered reporting the accident to the police but did not do so; drove aimlessly around the neighborhood for a few minutes, approached the place of the accident and saw the police car there and then turned and went to a card party at

a home in the neighborhood. The injured man was a Mr. Hochman, a friend of defendant and the others at the party. Defendant told the police a telephone call advised the party Hochman had been injured in an automobile accident; that he (defendant) then knew it was he who had hit Hochman and was greatly relieved when some members of the party who went to the hospital reported Hochman was not seriously injured.

After the party defendant drove to the repair shop where his broken right headlight was replaced. The repairman testified defendant said, "his wife had been using the car—that she had slid off into a ditch and broken it."

The foregoing recital is taken from the testimony of various witnesses for the State. As a witness defendant denied the statements attributed to him. He testified that after he delivered the prescriptions and started his car at the place in question, something caught his eye on the right-hand side of the street; that he pulled his car to the left, felt it begin to skid, and straightened it out; that he stopped it about a half block around the corner and wondered what he had just missed—perhaps a work barricade with the lanterns removed or a car parked without lights—"whatever it was I knew I didn't hit it—there was no noise—no confusion—just quiet"; and that he didn't know his headlight was broken until he drove to the repair shop.

I. Defendant complains that the court overruled his challenge to a prospective juror for cause 11 of section 779.5, Code of Iowa, 1946, "Having formed or expressed such an opinion as to the guilt or innocence of the prisoner as would prevent him from rendering a true verdict upon the evidence submitted on the trial." The juror did not remember having heard of the case and apparently knew none of the parties. The following answers indicate his state of mind:

"He is innocent as far as I know. You have to prove him guilty first before I can even decide he is guilty. I have a prejudice against hit-and-run drivers. If the county attorney is wrong about that, the county attorney has to prove he is guilty of that. * * * Sure, I am against bank robbers too. I believe I could give this man a fair trial, just as fair a trial as though he were charged with larceny."

The challenge was properly overruled. Generally, a juror is not disqualified from trying a person accused of a particular crime by the fact that he has a prejudice against such crime, if the prejudice is not such as to influence his verdict. 50 C. J. S., Juries, section 226f; 31 Am. Jur., Jury, section 157; State v. Van Hoozer, 192 Iowa 818, 185 N. W. 588.

II. Defendant assigns as error the admission in evidence, over his objections, of various broken pieces of glass taken from the street at the scene of the accident. Except for one piece of glass from spectacles all this appears to have been automobile headlight glass. Defendant contends it was inadmissible in the absence of direct evidence showing it was broken from his automobile. Although the trial court has considerable discretion in determining the admissibility of evidence of this nature, great latitude is shown in admitting it and it is usually received if it affords a basis for a reasonable inference on a point in issue. Hayes v. Stunkard, 233 Iowa 582, 10 N. W. 2d 19; State v. Schenk, 236 Iowa 178, 190, 18 N. W. 2d 169; State v. Sedig, 235 Iowa 609, 616, 16 N. W. 2d 247; 22 C. J.S., Criminal Law, section 709; 20 Am. Jur., Evidence, section 273.

We are satisfied the exhibits met this test. In connection with other evidence the exhibits did afford a basis for a reasonable inference they were broken from the headlight of defendant's car by contact with the body of Hochman.

It is also contended these exhibits were not properly preserved and identified. Although the record does not trace some of the exhibits as clearly as would be desirable we conclude the showing made was sufficient and that the trial court did not err in admitting the exhibits.

The foregoing conclusions are applicable also to the complaints of the admission in evidence of defendant's broken and discarded headlight reflector, which the police secured from the repairman.

III. Defendant complains also that the court permitted a witness, while testifying, to attempt to fit some of the broken pieces of glass into the broken reflector. It was within the discretion of the trial court to permit this. Chicago Telephone Supply Co. v. Marne & Elkhorn Tel. Co., 134 Iowa 252,

259, 111 N. W. 935; 23 C. J. S., Criminal Law, section 967; 20 Am. Jur., Evidence, section 757.

 IV. Complaint is made of the overruling of objections to questions propounded police officers concerning statements and admissions of defendant when first called to the police station. The statements appear to have been voluntary. Defendant points out he was not cautioned or warned they might be used against him. This would not make them inadmissible. State v. Beltz, 225 Iowa 155, 162, 279 N. W. 386; State v. Mikesh, 227 Iowa 640, 644, 288 N. W. 606; 22 C. J. S., Criminal Law, section 822. We hold the objections were properly over-ruled. Defendant also assails the credibility of these witnesses and the weight to be given their testimony. These were questions for the jury and will not be here considered.

 V. Over defendant's objections a doctor was permitted to testify Hochman suffered a (moderate) cerebral concussion, fracture of the third lumbar vertebra, fracture of the pelvis, traumatic shock, blood clot involving the entire right hip and both thighs and multiple abrasions and contusions of the body and head. Defendant contends this evidence was prejudicial. However, it was proper if for no other reason than that defendant was claiming Hochman injured himself by falling upon the pavement and the evidence had some bearing upon the reasonableness of this claim. Even in the absence of any specific defense the State would be required to show an injury to a person and it would seem medical testimony would be proper for that purpose.

 VI. Another error assigned is that on rebuttal by the State a witness who had previously testified was permitted to testify defendant while at the police station at no time denied "a man had loomed up in front of his car." Assuming, without deciding, this was testimony in chief and not strictly rebuttal, it was within the discretion of the trial court to admit it. 53 Am. Jur.; Trial, section 129; State v. McCumber, 202 Iowa 1382, 1384, 212 N. W. 137; State v. Slycord, 210 Iowa 1209, 1217, 232 N. W. 636.

VII. Appellant questions the sufficiency of the evidence to support the verdict and argues his motions for directed verdict, new trial and in arrest of judgment should have beeen sustained.

The evidence amply sustains the verdict and the motions were properly overruled. See State v. Schenk, 220 Iowa 511, 262 N. W. 129. Such questions of fact as were in dispute were for the jury.

VIII. Defendant was sentenced to serve one hundred eighty days in the county jail and to pay a fine of $2500 and costs. Furthermore, Code sections 321.261 and 321.206 make mandatory the surrender and revocation of all operator's and chauffeur's licenses then held by one convicted of this offense.

Defendant contends the sentence was excessive. We conclude there is some merit in this contention. Defendant is a married man, with one child. For some years he has operated a drugstore in the community. A number of witnesses testified his general moral character and reputation were good. We believe the ends of justice will be best subserved by reducing his sentence. Accordingly defendant's jail sentence is reduced from one hundred eighty days to sixty days and his fine is reduced from $2500 to $1500, in default of payment of which he shall be confined in said county jail one day for each three and one-third dollars of said fine remaining unpaid. Defendant's operator's license shall be surrendered to the trial court. All costs in the trial court and in this court shall be taxed to defendant.— Modified and affirmed.

SMITH, C. J., and BLISS, HALE, GARFIELD, MANTZ, MULRONEY, and HAYS, JJ., concur.