STATE OF IOWA, appellee, v. C. W. STUART, appellant.

No. 47654.

(Reported in 43 N.W.2d 702)

AUGUST 1, 1950.

(REHEARING extended to OCTOBER 1, 1950—no disposition.)

Sidney C. Levine, of Des Moines, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and Edwin S. Thayer, County Attorney, for appellee.

MULRONEY, J.—The statement of facts contained in appellant's brief is as follows:

"On the morning of March 1, 1949, Homer McAmis, who lived in Ankeny, Iowa, discovered that the door to his house was open, and that his wrist watch, his daughter's wrist watch, and an ice pick were missing.

"In the afternoon of March 1, 1949, the defendant and Charles Alberts were arrested in the city of Des Moines on a routine check by Des Moines police officers.

"Defendant, C. W. Stuart, was wearing a man's wrist watch at the time of his arrest. That same evening a detective of Des Moines Police Department searched the rooms of Alberts and Stuart in the Milner Hotel, and a lady's wrist watch was found stuffed in the finger of a brown glove, in a desk in Alberts' room. It was discovered later that the wrist watch that Stuart was wearing at the time of his arrest was the one that was missing from the McAmis home, and that the lady's wrist watch found in the glove was the property of Juanita McAmis, and the one that was missing.

"Alberts and Stuart were jointly indicted for the crime of burglary with aggravation. The aggravation being that there was a confederate present aiding and abetting in such a burglary. * * *

"The defendant, C. W. Stuart, testified as a witness in his own behalf, that he purchased the wrist watch in question at Bolton and Hay Restaurant on the morning of March 1st, for two dollars and fifty cents.

"The case was submitted to the jury which returned a verdict of guilty. Defendant filed his motion for new trial. This motion was overruled. The defendant was sentenced to imprisonment for life."

I. In the first division of his brief and argument defendant complains of the admission into evidence of a zipper bag and suitcase found in Alberts' room in the Milner Hotel and a pair of rubber-soled shoes which belonged to and were worn by Alberts. The materiality of the bag and suitcase as exhibits is certainly questionable but we fail to see how defendant was prejudiced by their admission. A conviction will not be reversed because some evidence has been admitted which was clearly not prejudicial to the defendant, although it may have been irrelevant or immaterial. State v. Leeper, 198 Iowa 83, 199 N.W. 341; State v. Cordaro, 206 Iowa 347, 218 N.W. 477; State v. Bryant, 208 Iowa 816, 225 N.W. 854; State v. Salisbury, 209 Iowa 139, 227 N.W. 589.

The State contends the rubber-soled shoes worn by Alberts would be admissible as tending to throw some light on the manner in which the crime was committed. The crime proven was burglary of a house while the occupants were asleep. Shoes that render footsteps noiseless would ordinarily be worn in accomplishing such a burglary. While the shoes belonged to Alberts, and Stuart denied he was with Alberts the night of the burglary, there was abundant evidence that the two men were together that night. They were seen together in a car in Ames by the police of that city about 1:30 in the morning and, according to hotel employees, they registered in at the Milner Hotel together about four or five hours later. The shoes were admissible. State v. Jones, 233 Iowa 843, 10 N.W.2d 526; State v.

Leftwich, 216 Iowa 1226, 250 N.W. 489; State v. Brown, 216 Iowa 538, 245 N.W. 306; State v. Schenk, 236 Iowa 178, 18 N.W.2d 169.

II. The remaining errors assigned complain of misconduct on the part of the county attorney in his argument to the jury. The record contains part of the county attorney's opening argument and all of his closing argument. The defense attorney's argument was not reported. There were no objections to the county attorney's statements, made at the time of argument. The objections were first made in the motion for a new trial. The complaint came too late. State v. Banks, 227 Iowa 1208, 290 N.W. 534; State v. Philpott, 222 Iowa 1334, 271 N.W. 617.

The judgment is affirmed.—Affirmed.

All JUSTICES concur.