STATE OF IOWA, appellee, v. CHARLES ALBERTS, appellant.

· No. 47551.

(Reported in 43 N.W.2d 703)

AUGUST 1, 1950.

(REHEARING extended to OCTOBER 1, 1950—no disposition.)

Sidney C. Levine, of Des Moines, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and Edwin S. Thayer, County Attorney, for appellee.

OLIVER, J.—This is a companion case to State v. Stuart, 241 Iowa 1004, 43 N.W.2d 702. Defendant and Stuart were jointly indicted for burglary with aggravation, as defined in sections 708.1 and 708.2, Code of Iowa, 1946 and 1950. It was charged they burglarized a dwelling house in Ankeny. Defendant pleaded not guilty, was granted a separate trial, and was convicted. He appeals.

I. On the State's rebuttal the county attorney asked a witness: "Q. Do you know what his [defendant's] general reputation is in Sioux City as being an honest, upright citizen and a man who is industrious?" An objection to this as immaterial, incompetent and irrelevant, defendant not having put his character in issue, was overruled. "A. I know his character, yes. Q. Is it good or bad? A. I would say bad."

Upon motion of the county attorney the court withdrew this testimony and instructed the jury to disregard it. No evidence of defendant's good character had been offered and there was no justification for the above quoted examination on that ground. State v. Helm, 97 Iowa 378, 380, 381, 66 N.W. 751. However, defendant had testified as a witness. Section 622.18, Code of Iowa, 1950, provides "the general moral character of a witness may be proved for the purpose of testing his credibility." This applies to a defendant in a criminal case the same as to any other witness. State v. Huckelberry, 195 Iowa 13, 16, 188 N.W. 587; State v. Reynolds, 201 Iowa 10, 13, 206 N.W.

635; State v. Hart, 205 Iowa 1374, 1378, 219 N.W. 405; State v. Parsons, 206 Iowa 390, 395, 220 N.W. 328; State v. Marquardt, 184 Iowa 1068, 1069, 169 N.W. 338. Such proof should be confined to the general reputation and not the character of the person as known to the witness. It should not include specific vices nor traits of character. Halligan v. Lone Tree Farmers Exchange, 230 Iowa 1277, 1283, 1284, 300 N.W. 551; State v. Ferguson, 222 Iowa 1148, 1159, 270 N.W. 874; State v. Gregory, 148 Iowa 152, 154, 126 N.W. 1109; State v. Haupt, 126 Iowa 152, 153, 101 N.W. 739. The first quoted question of the county attorney was in conflict with the foregoing requirements. Although the answers of the witness, "I know his character" and "I would say bad", were less objectionable, they did not strictly comply with such requirements. However, the order withdrawing the testimony and admonishing the jury removed any prejudice which the examination might have caused. State v. Helm, 97 Iowa 378, 380 to 384, 66 N.W. 751; State v. Canalle, 206 Iowa 1169, 221 N.W. 847; State v. Gillam, 230 Iowa 1287, 1289, 300 N.W. 567; State v. Clay, 222 Iowa 1142, 1148, 271 N.W. 212. We hold the overruling of the objection was not reversible error.

II. Defendant complains of the admission in evidence of rubber-soled shoes which he was wearing when arrested a few hours after the burglary. The State contends these tend to show the manner in which the crime was committed. There was evidence defendant had stated he had done "house prowlings" in the past. In this case a four-room bungalow was burglarized without awakening any of its occupants. Rubber-soled shoes would be suitable apparel for criminal operations of that type. Although the trial court has considerable discretion in determining the admissibility of demonstrative evidence, great latitude is shown in admitting it and it is usually received if it affords a basis for a reasonable inference on a point in issue. State v. Marcus, 240 Iowa 116, 120, 34 N.W.2d 179, 181, and citations. We conclude the admission of the shoes was not an abuse of such discretion. State v. Stuart, 241 Iowa 1004, 43 N.W.2d 702, and citations; State v. Marcus, supra, and citations; State v. Sedig, 235 Iowa 609, 616, 16 N.W.2d 247.

██ III. Defendant predicates error upon the reading to the jury by the county attorney from the reverse side of the indictment the order of court directing the issuance of a bench warrant for defendant and fixing his bond at $10,000. Section 780.5, Code of Iowa, 1950, requires the reading to the jury of the indictment. This does not include the order of court here in question. However, the reading of the order was not prejudicial. See State v. Walker, 133 Iowa 489, 110 N.W. 925.

IV. Defendant and Stuart were together in Des Moines when arrested about twelve hours after the Ankeny burglary. Two watches and an ice pick had been taken from the burglarized dwelling. One of the watches was found in the possession of Stuart, the other concealed in the finger of a glove in defendant's suitcase. The ice pick was found in defendant's automobile.

Defendant and Stuart had become acquainted in the Iowa penitentiary. Defendant had three felony convictions and Stuart three convictions for breaking and entering or burglary. There was evidence defendant said he had been in the penitentiary seventeen or eighteen of the last twenty years; he told Des Moines policemen he came to Des Moines from Sioux City because there had been "a lot of house prowlings in Sioux City * * * similar to the ones he had done." "The town was hot for everybody at that time."

The Ankeny dwelling was burglarized sometime after midnight of February 28, 1949. Ames police testified a car was being driven slowly around Ames at 1:55 a. m. in such a manner as to excite their suspicion. They stopped the car and questioned its occupants, defendant and Stuart, but did not arrest them. At the trial defendant denied he had been in Ames, testified Stuart and he had left Sioux City together but had separated, that he had driven from Omaha to Des Moines through Atlantic and that, to his surprise, he met Stuart in a Des Moines restaurant at about 4 a. m. March 1, at which time and place they purchased the watches from two strangers.

It was the State's theory that defendant and Stuart, finding they were under surveillance by the Ames police, left there and drove to Des Moines, stopping at Ankeny to rob the dwelling.

In argument the county attorney suggested defendant and Stuart were driving around Ames looking for places to burglar-

ize where the occupants would be asleep and unarmed. He argued also that defendant had twenty-five years' experience in robbing houses. Another statement was that defendant practically armed himself with the ice pick so that if someone in the house was awakened he would have a weapon with which to attack them.

The only objections to these statements were that they were not based on the evidence. The short answer is that there was support in the record for each of the inferences suggested by the county attorney. We are unwilling to hold the trial court abused its discretion in overruling the objections, as made.

██ Defendant now contends the county attorney was guilty of misconduct in making these statements, that they were inflammatory and prejudicial and prevented defendant receiving a fair trial. No such objections were made when the statements were made. Hence, the complaint comes too late, as does also a like complaint concerning several other statements of the county attorney. State v. Stuart, 241 Iowa 1004, 43 N.W.2d 702; State v. Banks, 227 Iowa 1208, 290 N.W. 534.

We find no reversible error in the record.—Affirmed.

All JUSTICES concur.