## MITCHELL *v.* THE STATE.

1. Though goods regularly levied upon and sold at judicial sale as the prop-
erty of the defendant in execution may not in fact have been his prop-
erty, the true owner, if he obstructs, resists, or opposes the officer in
delivering possession to the purchaser, will be guilty of a misdemeanor
The remedy of such owner is by interposing a claim in advance of the
sale, or by bringing, either before or after the sale, his action of trover.
2. Except as above indicated, the only assignment of error presented by the
petition for certiorari with which the superior court could deal was that
the conviction of the accused was contrary to the evidence and against
the weight thereof; and the record disclosing that there was ample evi-
dence to support the conviction, the judgment overruling the certiorari
will not be disturbed.

Argued June 7, — Decided June 16, 1897.

Indictment for obstructing legal process.    Before Judge
Felton.    Houston superior court.    April term, 1897.

Sistrunk, a constable, levied an execution in favor of Green
against Aaron Mitchell, a brother of the defendant, upon
1,000 feet of lumber, and made an entry of levy upon the ex-

ecution. · He did not remove the lumber but left it where he found it, upon the premises where Aaron Mitchell and the defendant lived, leaving it in charge of Aaron Mitchell. At the time of making the levy Aaron Mitchell told the constable that part of this lumber belonged to the defendant, and agreed to take charge of the lumber levied upon for the constable, who proceeded to legally advertise the lumber for sale. Some days prior to the sale the constable saw defendant, who told him that the lumber levied upon belonged to the defendant. The constable replied, that if it was his lumber he would have to put in his claim according to the law. Defendant said, damn the law, it was his lumber and the constable should not sell it. Upon the day advertised the constable proceeded to sell the lumber, and it was bid off by S. B. Brown. It had not been removed from where it originally lay. After the sale Brown told the constable that the defendant would not let him have the lumber. Whereupon the constable took Houser as special constable, went to the yard where the lumber was, and proceeded to load it upon a wagon. As they started off with it, defendant came up and asked what they were doing. The constable replied that he was delivering the lumber to Brown, who had bought it at the sale. Defendant said they should not deliver it, that it was his lumber and not Aaron Mitchell's. The constable directed the wagon to be driven off, when defendant pulled out· his knife, seized the horse's bridle, and said he would die and go to hell before the lumber should be removed. Houser started toward the wagon, and defendant started toward Houser to stop him. Houser pulled out his pistol, and defendant started for the constable; and at this juncture Aaron Mitchell came up and stopped the fuss, and the lumber was driven off on the wagon. Neither Sistrunk nor Houser had any papers, nor claimed to have any, to take the lumber that they were delivering under and by virtue of the sale. Afterwards defendant brought suit against Brown in a justice's court to recover the lumber, and obtained judgment.

*Louis L. Brown*, for plaintiff in error.
*Robert Hodges, solicitor-general*, contra.

FISH, J. Plaintiff in error was convicted, in the county court, of obstructing legal process; and upon the hearing of his certiorari in the superior court, it was overruled; whereupon he excepted. The indictment seems to be for resisting an officer in completing a levy, but the case tried was for resisting an officer in delivering property sold under a levy. The accused acquiesced in the trial being conducted on this line, and makes no complaint thereon. The bill of exceptions recites that the plaintiff in error, in his petition for certiorari, alleged that the county judge erred in rendering judgment against the accused, for the following reasons, to wit: "(1) Because there was no valid sale of said property levied upon, and that the sale being void there was no legal process under which the officer was acting. (2) That the sale of the property, if there was a legal sale, only passed such title as the defendant in execution had in said lumber, and not such as any other person had; and therefore the officer had no right to take property of the plaintiff in error, he not being defendant in execution, under which sale was had. (3) That said judgment was contrary to law and the evidence and opposed to the weight of the evidence." As will be seen, the accused, in his first assignment of error presented in the petition for certiorari, distinctly recognized the levy as legal; and while he alleged that the sale was void, the averment was in the most general terms, with no reason indicated for its illegality. Such an indefinite statement as to its invalidity would cover failure to legally advertise, failure to carry the property to the place of sale, failure to sell at the right place, or at the right time, or any other possible objection to its legality. Therefore this first ground of error did not present to the superior court, with sufficient distinctness, any legal question for adjudication.

1. In view of the record then, we must consider that the lumber of the accused was regularly levied upon and sold at judicial sale, as the property of his brother, the defendant in execution. If so, it was the duty of the officer making the sale to deliver the lumber to the purchaser; and if, while he was proceeding to perform this duty, the accused obstructed, resisted and opposed the officer, then the accused was guilty

of obstructing legal process.  His remedy was the interposition of a claim in advance of the sale, or action of trover either before or after the sale.

2. The remaining assignment of error is sufficiently dealt with in the second headnote.

*Judgment affirmed.  All the Justices concurring.*