STATE *vs.* BENJAMIN SELENGUT.

OCTOBER 25, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Officers.  Service of Process.  Assault.*

One claiming to be the owner of personal property and in possession of the same is not justified in assaulting a known officer who attempts in good faith to attach the same upon lawful process running against a third person as the goods of such third person, although such assault is necessary to prevent the property from being taken by such officer.

CRIMINAL COMPLAINT.   Heard on exceptions of defendant and overruled.

VINCENT, J.   The defendant was found guilty in the Superior Court, of an assault upon an officer and the case is now before us upon the defendant's exceptions.

On August 2, 1911, one Samuel Brown, a police constable, having power to serve civil process, was charged with the service of a writ of attachment issued against one Harry Rubin at the suit of Benjamin Newman.   Brown, in his capacity as a constable, proceeded to attach certain personal property which was pointed out to him by Newman as the property of Rubin, said property being at the time upon an express wagon standing in the public street.

Upon learning that the property had been thus attached, the defendant, Selengut, asserted his title thereto and upon the refusal of the officer to release it from the attachment and permit him to take possession of it he endeavored to obtain possession thereof by force and in so doing committed an assault upon the officer.

The defendant, upon complaint duly made, was found guilty of assault and battery in the district court and taking an appeal was tried in the Superior Court,where a verdict of guilty was rendered by a jury. The defendant took several exceptions in the course of the trial in the lower court. The exception upon which the defendant now relies is to that portion of the charge to the jury in which the trial judge said that "a person claiming to be the owner of personal property and in the possession of the same is not justified in assaulting a known officer who attempts in good faith to attach the same upon lawful process running against a third person as the goods and chattels of said third person while the same are being transported on a public highway, although such assault is necessary to prevent the property from being taken by such officer."

This exception raises a question of law which does not appear to have been determined in this state and one upon which there is some conflict of authority. The state contends that in the interest of public peace and order the charge of the trial judge should be sustained and the defendant's exceptions overruled. On the other hand the defendant claims that this court should follow the doctrine laid down by the Massachusetts Court in the case of *Commonwealth* v. *Kennard*, 8 Pick. 133, which holds that where an officer attempts to take goods belonging to A. and in A.'s possession upon a writ against B., A. may maintain his possession by force in the same manner as he might against any trespasser who is not an officer. In several of the states where this question has arisen, the decision of the Massachusetts Court has not been followed and in some it has been severely criticised as an unsafe, impracticable, and

unsound rule, having a tendency to promote disturbances of the peace.

In *State* v. *Downer,* 8 Vt. 424, which seems to be the leading case in support of the contention of the state the court said: "It is well settled that one may defend the possession of his property against a stranger with such force as may be necessary. But this right cannot be extended to the case of an officer whose duty it is to attach property whenever he is requested so to do. He may or may not require indemnity for the act. But it would be too much to say that he must decide all cases of doubtful property at his own hazard, or that if he attempted to make an attachment when the property was not in fact in the debtor, he might by the owner of the property be resisted to any extremity. . . . And if the owner of property may resist an officer in its defence, so may one who believes himself the owner; for it would not do to predicate crime upon so subtle a distinction as an abstract right of property. It must be something more tangible.

"We believe the better and safer and only practicable rule to be, that whenever the question of property is so far doubtful that the creditor and officer may be supposed to act in good faith in making the attachment, the owner of the property even cannot justify resistance, but must yield the possession and resort to his remedy by action. This is the only mode in which the question could be tried. And unless such a rule be adopted, no human sagacity is adequate to the decision of those nice questions which the duty of sheriffs and their officers involve."

In *State* v. *Fifield,* 18 N. H. 34, the court criticises the Massachusetts case as unsound and accepts the rule laid down in the case of *State* v. *Downer, supra,* and says: "The obvious tendency of the doctrine for which the defendant contends, to promote disturbances of the peace by emboldening parties, otherwise sufficiently disposed to be strenuous in cases of doubt, and to appreciate, in such cases, the benefits of actual possession and present use of the disputed

goods, suffices, of itself, to awaken the gravest doubt of its soundness."

In the case of *State* v. *Richardson*, 38 N. H. 208, the doctrine laid down in *State* v. *Fifield* is affirmed and the reasons why the case of *Commonwealth* v. *Kennard* should not be followed are distinctly set forth. The court said: "To hold that an officer, duly qualified, and known to be so, may be resisted with impunity, while proceeding in good faith to attach property which he is directed to attach and indemnified for attaching as the property of the defendant in the process he is executing, by any person claiming to own that property, would impose upon every officer the necessity of investigating and deciding correctly at his peril every controversy in relation to the ownership of property shown to him as belonging to the debtor, before he could safely act. It is unnecessary to say how utterly impracticable and impossible this would be. No man who regarded his personal safety or pecuniary interests would venture to attach personal property the title of which was in controversy, if such a rule were established and generally understood and practiced upon by the community. Besides, there is no occasion for such a rule. If the property of one person is taken upon a writ or execution against another, the law affords ample means of redress by a writ of replevin, an injunction, or other proceedings, without the owner's taking the law into his own hands. There is no such sacredness attached to personal property as can justify, in its defence, resistance to an authorized officer of the law, acting in good faith, under lawful process."

In the states of New York and Ohio the courts have followed the case of *State* v. *Downer* and expressly repudiated *Commonwealth* v. *Kennard*. *People* v. *Hall*, 31 Hun. 404; *Faris* v. *The State*, 3 Ohio State, 159. See, also, *Witherspoon* v. *The State*, 42 Tex. Crim. Rep. 532; *Mitchell* v. *State*, 101 Ga. 578.

In *Cokely* v. *State of Iowa*, 4 Iowa, 477, a case where the defendant assaulted a constable's assistant when he

attempted to levy an execution on property which the defendant claimed was exempt from seizure, the court said: "If the property was exempt as claimed, that fact furnished no justification to defendant for his assault on How, the constable's assistant. The legality of the levy was subject to be ascertained and determined by an appeal to the courts. The defendant had no right to take the law into his own hands, or to redress his own grievances by a resort to violence. The right to use force in defence of one's person and property does not authorize a defendant in execution to resist forcibly the officer in the discharge of his duty."

The defendant claims, in substance, that the title to the goods in question being in himself the officer was simply a trespasser whose aggressions he was justified in forcibly resisting to the same extent as he would have been justified in resisting those of any unofficial person. A sufficient answer to this contention is to be found in the case of *State* v. *Fifield, supra,* in which the court said: "It is true that the owner of goods in possession of them may, in general, resist a trespass designed to take them from his possession. It is also true, that the seizure of the goods of one person upon the process against another, is technically a trespass, for which the law has provided the same remedy as for wanton aggression of a stranger without color or excuse. But it does not necessarily follow that the two acts may not be distinguished in the particular under consideration. For one, preventive force is the only protection; for the other, the law has provided remedies so perfect as to take away all excuse and all strong necessity or temptation for the exertion of such force."

We think that the rule established in the case of *State* v. *Downer, supra,* and recognized in and confirmed by the other cases cited should be followed by this court in the present proceeding. The officer charged with the service of a writ calling for the attachment of personal property, who attempts to discharge his duty in good faith, cannot reasonably be expected to assume the functions of a court of law and to

examine and determine the claims of others who assert title thereto. If their rights are invaded there are well known proceedings to which they may resort and through which they may obtain redress.

To say that anyone deeming himself to be the rightful owner of property may maintain his possession thereof, by force, as against an officer charged with the service of a writ of attachment, would be to promote breaches of the peace and would be against public policy.

The defendant's exceptions are all overruled and the case is remitted to the Superior Court for sentence.

*Antonio A. Capotosto, Second Asst. Attorney General,* for State.

*Frank H. Wildes,* for defendant.